TERRITORY, appellant, *v.* Fox, respondent.

. CRIMINAL LAW — *burglary — one offense.*    An indictment under our statute (Cod. Sts. 218, § 188) must charge but one offense.

Burglary, as defined by our statute (Cod. Sts. 281, § 69), is but of one kind, and has no degrees.    To charge any other offense with it in the same indictment is error.

*Appeal from First District, Gallatin County.*

THIS cause was tried in the court below by BLAKE, J.

R. P. VIVION, district-attorney, for appellant.

The indictment, in reality, charges but a single crime, and is in accordance with long-established precedent. *Com.* v. *Hope,* 22 Pick. 1 ; *Com.* v. *Tuck,* 20 id. 356 ; *State* v. *Braly,* 14 Vt. 353 ; 1 Hale's P. C. 560 ; *State* v. *More,* 12 N. H. 42 ; Bishop's Crim. Law, § 687 ; Roscoe's Crim. Ev. 347–9.

If there are two offenses set forth, the greater includes the less,

and the defendant might be convicted of either. *Breese* v. *The State*, 12 Ohio, 146 ; *State* v. *Wheeler*, 35 Vt. 261.

Section 188, page 218, of Codified Statutes only applies to offenses foreign to each other, where no merger can be had. The present case is one provided for under sections 182–4 of our Codified Statutes, page 218.

The indictment in this case fills all the requirements of the statute, and is in accordance with the decision of this court in the case of *Territory* v. *Ashby*, 2 Mon. 89.

No brief filed for respondent.

W<small>ADE</small>, C. J. This is an indictment for burglary and larceny. The defendant interposed a demurrer, upon the ground that the indictment charged the commission of more than one offense. The demurrer was sustained, and this action of the court below is assigned as error.

The indictment charges two offenses — that of burglary and that of grand larceny.

Our statute provides (Cod. Sts. 218, § 188) : "The indictment shall charge but one offense, but it may set forth such offense in different counts." This statute would seem entirely conclusive of the question presented, unless the indictment comes within the operation of those statutes which provide that upon an indictment for an offense consisting of different degrees, the defendant may be found not guilty of the degree charged, and guilty of any degree inferior thereto ; or that the defendant may be found guilty of an offense, the commission of which is necessarily included in that with which he is charged in the indictment. Cod. Sts. 218, §§ 182–3.

The prosecutor has submitted an argument based upon the theory that the crime of larceny — in this case grand larceny — is necessarily included in the crime of burglary. It is a sufficient answer to this argument to say, that under our statute there are no degrees in the crime of burglary ; that the crime of burglary does not necessarily include any other crime ; and that the charge is complete when it is alleged that the defendant, in the night

time, did forcibly break and enter the dwelling-house with intent to commit murder, rape, robbery, mayhem, larceny or other felony. It is not necessary that the other felony be committed in order to make complete the crime of burglary. If the building is broken and entered with intent to commit a felony, then burglary is the proper charge. With no better propriety could it be said that larceny is necessarily included in the crime of burglary, than it could be said that murder, rape, robbery or mayhem are necessarily included in such crime. At common law there are two kinds of burglary — first, complicated and mixed with another felony ; and, second, simple burglary — for which different punishments were inflicted. Hence, for the first the indictment necessarily comprised two offenses — burglary and such other felony as may have been committed, and the defendant could be acquitted of the burglary, if the case was so on the evidence, and found guilty of the other felony only. *People* v. *Garnett*, 29 Cal. 626 ; 1 Hale's P. C. 549. But our statute describes no such offense as burglary complicated or mixed with any other felony, and hence the common-law authorities upon the subject are not applicable to indictments for burglary under our Criminal Code. The judgment is, therefore, affirmed with costs.

*Judgment affirmed.*