TERRITORY OF MONTANA, APPELLANT, v. HENRY WILLARD AND GEORGE BLACKWOOD, RESPONDENTS.

CRIMINAL LAW—*Larceny and burglary—Jeopardy.*—The defendants broke into a saloon and stole a lot of cigars and wines. Two indictments were presented against them by the grand jury; one for larceny, and another for burglary. A trial under the first resulted in their being convicted of petit larceny; and upon being arraigned under the second, they entered as a plea in bar their conviction aforesaid. The District Court sustained the plea. *Held*, that under the statutes of Montana Territory, the said defendants had not been put in jeopardy for the crime of burglary upon the trial of the indictment for larceny, and that the District Court erred.

SAME—*Indictment should charge but one offense.*—*Held*, in the case at bar, that an indictment charging both the offense of larceny and burglary would be bad under section 188, division 3, Compiled Statutes. (*Territory* v. *Fox*, 3 Mont. 440, cited.)

*Appeal from the Second Judicial District, Silver Bow County.*

*William E. Cullen,* Attorney-General, and *William H. De Witt,* for Appellant.

The question of law before this court is, whether a conviction of petit larceny is a bar to a prosecution for burglary, when the two offenses grew out of the same transactions. The appellant takes the position that a conviction for one offense can be a bar to a prosecution for another offense, only, when on a trial of the former, a legal conviction could have been obtained for the latter; as a conviction (not set aside) for manslaughter, upon a murder indictment, would bar a prosecution for murder, the act being the same; and a conviction for grand larceny would bar a prosecution for petit larceny of the same goods, for the reason that, upon the trial of the former, a verdict for the latter would have been good. But upon an indictment and trial for larceny, a verdict for burglary could not have been found. The test is, whether upon the allegations and proof *necessary* to sustain the one charge, a conviction could be had for the other; if so, then the plea of *autrefois* should be sustained; otherwise, not. The test is not the evidence *actually produced* upon the former trial, but the evidence *necessary* to sustain the former verdict; and if such *necessary* evidence would justify a verdict on the second indictment, the plea is good. These rules do not apply to larceny and burglary; for in larceny the necessary evidence is the felonious *taking;* in burglary, it is the *entering,* with intent to commit a felony. The felony need not be proved, if the *intent* to *commit* it is evident. (1 Wharton on Criminal Law, 7th ed. §§ 563, 563 *a,* 565, 570; also, vol. 2, § 1615; *Wilson* v. *State,* 24 Conn. 57; *People* v. *McCloskey,* 5 Parker, Cr. C. 57; *Morey* v. *Commonw.* 108 Mass. 433; *Foster* v. *State,* 39 Ala. 229; *Commonw.* v. *McShane,* 110 Mass. 502; *State* v. *Martin,* 76 Mo. 337; *State* v. *Kelsoe,* 76 Mo. 505; Waterman's Criminal Digest, 230; *Territory* v. *Fox,* 3 Mont. 441.) If the indictment were so framed that it would contain the necessary allegations for both burglary and larceny, it would be bad. (*Territory* v. *Fox,* 3 Mont. 441.)

*McBride & Haldorn,* for Respondents.

The statutory definition of burglary differs materially from

that of the common law, in this, that no breaking is necessary. The mere entry with intent to commit grand or petit larceny, or any felony, constitutes burglary. Under this definition almost every larceny committed in any of the places named in the act might constitute burglary. As the law stands, the crimes of burglary and larceny may be said to overlap each other, the former distinguishing mark of burglary, the breaking, being eliminated. The general and accurate rule of testing the question of former conviction is, that the plea of *autrefois convict* is sufficient whenever the proof shows the second case to be the same transaction as the first. (*Roberts* v. *State*, 14 Ga. 8; 58 Am. Dec. 531; *Fiddler* v. *State*, 7 Humph. 509.) In the case at bar, the intent to steal was an essential element, as well as in the case in which the conviction was had. It is a well-settled rule in criminal practice that a prosecutor may carve as large an offense out of a single transaction as possible, but he must cut only once. As to a conviction of larceny being a bar to a conviction for burglary, both being the same transaction, see *People* v. *Smith*, 57 Barb. 46. There is a marked distinction between the rules which govern in the case of *autrefois convict* and the plea of *autrefois acquit*, notwithstanding the immense amount of *dicta* and loose expressions to the contrary found in the books. *Autrefois acquit* is only available when the two indictments are susceptible of, and must be sustained by the same proof. *Autrefois convict* only requires that the transaction, or the facts constituting it, are the same. (*Shubert* v. *State*, 21 Tex. App. 551; *Wright* v. *State*, 17 Tex. App. 152; *Simco* v. *State*, 9 Tex. App. 348; *Quitzow* v. *State*, 1 Tex. App. 47; 28 Am. Rep. 396; 1 Wharton's Criminal Law, 6th ed. § 565; *Copenhaven* v. *State*, 15 Ga. 264.) Mr. Bishop, in 1 Bishop on Criminal Law, section 1057, says: "Some apparent authority therefor [citing three cases] that a jeopardy for the less will not bar an indictment for the greater, *must be deemed unsound in principle.*" A conviction of burglary is a good plea in bar to a charge of robbery, if the circumstances of the robbery were put in proof in order to make out the case for which the prisoner was tried and convicted on the first indictment. (*Copenhaven* v. *State*, 15 Ga. 264.)

LIDDELL, J.—This is an appeal by the Territory from a ruling of the District Court in sustaining the plea of *autrefois convict* upon an indictment for burglary. From undisputed facts it appears that the accused burglarized a saloon in the city of Butte on the 2d of July last, and stole therefrom a lot of cigars and wines. Two indictments were found against them; one for larceny and the other for burglary. They were first tried and convicted of larceny, and upon being arraigned for trial on the burglary charge they pleaded the former conviction in bar. On the trial of the plea it was admitted by the prosecuting attorney that the defendants were the same; that the saloon from which the goods described in the larceny indictment were taken was the same set forth in the burglary indictment; and that the goods described in the larceny indictment were the identical goods which in the burglary indictment it was charged the defendants intended to steal.

Burglary is defined by the statute to be the entering of any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse, or other building, tent, steamboat, or rail car, with intent to commit grand or petit larceny, or any felony. The commission of the crime in the night-time constitutes burglary in the first degree; to perpetrate the offense in the day-time is burglary in the second degree. (See Crim. Laws Mont. div. 4, §§ 73, 74.) Larceny is the felonious taking of the goods or property of another with intent to deprive the owner thereof, and to convert the same to the taker's use.

It is plain from the definitions that they are two distinct crimes; and the larceny is not necessarily included in the burglary. In order to sustain the indictment for burglary it would only be essential to prove the felonious entry with the intent, while to convict on the charge of larceny it becomes necessary to show the taking, for the entry may have been without any felonious intent. Burglary, on the other hand, may, as it frequently does, exist without actual theft; and larceny may be committed without burglary. Therefore, in making out the case of larceny the prosecution need not show any burglarious intent or entering—it is only necessary to prove the usual elements of theft; that is, the venue, the identity of the accused, the felonious taking, the intent to convert to the

taker's use the property stolen, its value, the ownership, and that the offense occurred within the time limited for such prosecutions. The burglary need not have been offered to make out the case of larceny, and if it was so offered, it was entirely unnecessary. Nor could the two offenses have been included in the same indictment without violating the statute (Crim. Laws Mont. div. 3, § 188), which declares in unmistakable language that an indictment shall charge but one offense. The case of the *Territory* v. *Fox*, 3 Mont. 440, affirms this view of the law, and virtually disposes of the case under consideration.

The defendants were never on trial for burglary, nor while being tried for larceny were they in any danger of conviction for the former crime. Wharton, in his work on American Criminal Law, volume 1 (6th ed.), section 563, states the rule to be, that "if, on a trial of the major offense, there can be a conviction of the minor, then a former conviction or acquittal of the minor will bar the major." And again, in section 565, we find him announcing another rule by which the correctness of the plea can be tested. He says: "Where the evidence necessary to support the second indictment would have been sufficient to procure a legal conviction upon the first, the plea is generally good, but not otherwise."

In effect, these rules are the same as that provided in section 313 of the third division of the Criminal Practice Act, which declares that the defendant acquitted or convicted shall not again be tried for the offense charged in the former indictment, or for any lower degree of that offense, or for any offense necessarily included therein. The law carries with it the implied permission to prosecute for any offense not necessarily included in the former charge.

After a careful examination of the authorities relied on by the defense, we are constrained to hold that under the statutes of Montana the defendants have never been in jeopardy for the crime of burglary, and therefore the plea is not well taken.

The ruling of the trial court must be reversed; and it is so ordered.

*Judgment reversed.*

McCONNELL, C. J., and BACH, J., concur.