## TERRITORY OF MONTANA, APPELLANT, *v.* STOCKER, RESPONDENT.

CRIMINAL LAW — *Former jeopardy.* — The plea of a former conviction will not be sustained under an indictment for an assault with a deadly weapon, with intent to inflict upon the person of another bodily harm, upon the proof of the conviction of the defendant in a Justice's Court, under the charge of exhibiting a deadly weapon in the presence of one or more persons in a rude, angry, or threatening manner, not in necessary self-defense, the two prosecutions being based upon the same act of the defendant.

CRIMINAL EVIDENCE — *Lost instrument.* — The contents of a lost instrument, as a criminal complaint, may be proved by oral testimony, where the foundation for the introduction of such testimony is sufficiently laid.

SAME — *Former conviction — Variance in the testimony.* — Under a plea of former conviction the question is as to the identity of the two offenses for which the defendant was prosecuted; and a variance in the testimony, as to who made the complaint in the first trial, is immaterial.

CRIMINAL PRACTICE — *Appeal.* — The Territory has the right of appeal from an order sustaining the plea of a former conviction, where there is no dispute as to the facts which are offered in support of the plea.

SAME — *Successive prosecutions.* — Successive prosecutions of an accused for offenses growing out of the same transaction is a matter which addresses itself to the sound discretion of the prosecuting attorney, who should be governed by the circumstances.

*Appeal from Second Judicial District, Silver Bow County.*

The defendant was tried before DE WOLFE, J., without a jury. The Territory appeals from an order sustaining the plea of a former conviction.

*John B. Clayberg,* Attorney-General, and *William H. De Witt,* of counsel, for Appellant.

The defendant was indicted for an assault with a deadly weapon. He plead in bar to the indictment a conviction for exhibiting a deadly weapon in a rude, or angry, or threatening manner.

The indictment is for felony. The plea is of a conviction for a misdemeanor in the court of a justice of the peace. The Justice's Court had no jurisdiction to try a felony, as is the offense charged in the indictment: therefore no conviction had in such court, where there was no jurisdiction, would be a bar to this indictment for a felony. (*State* v. *Nichols,* 38 Ark. 550.)

One of the tests of the validity of the plea *autrefois convict* depends on whether the defendant has before been in danger of conviction of the offense of which he stands charged. In the case at bar he has not, for he has never been tried in a court having jurisdiction of the offense charged in the indictment.

An assault with a deadly weapon, with intent to do bodily injury, can be made (as with fire arms) at a distance, and not in the presence of any person, and not in a rude or threatening manner. In fact, the evidence necessary to support one charge is not in any respect required upon the prosecution of the other.

The proposition at bar is *res adjudicata* in this court. (*Territory* v. *Fox,* 3 Mont. 440; *Territory* v. *Willard,* 8 Mont. 328.)

*William Scallon,* for Respondent.

The Territory has no appeal on any mixed question of law and fact. (*Territory* v. *Laun,* 8 Mont. 322.) Therefore, it is only by confessing that the present prosecution is, in the words of the concluding sentences of the bill of exceptions, for the very same "acts and facts" as the prior one, that appellant can have any standing at all in this court. And, if it be for the very same act and fact, how can it be claimed that the defendant has not already been in jeopardy. The defendant relies as well upon the constitutional prohibition of the fifth amendment, as on the "former conviction" rule. We claim that it is the "act and the fact" which constitute "the offense," and not the various names that may be given to the act by the prosecution, or

the various charges that may be framed upon one act. (1 Bishop on Criminal Law [7th ed.], §§ 1057, 1058, 1060; Wharton's Criminal Pleading and Practice, § 465.) The constitutional provision applies with equal force to misdemeanors as to felonies. (1 Bishop on Criminal Law, §§ 990, 991, and cases cited.)

As to the point that the plea is not good because a Justice's Court had no jurisdiction of a felony, Bishop disposes of it thus: "It has been supposed that if the tribunal trying the less offense has no jurisdiction over the higher, the case will be different; yet there does not seem to be any just foundation for this distinction." (Vol. 1, § 1058.)

Charging a felony does not make a felony. Here the evidence and the decision of the court, which must be held conclusive according to *Territory* v. *Laun*, shows that there was no felony committed.

It is not, as claimed by the appellant, the abstract or theoretical identity in the nature of the offenses, or the facts constituting them, which controls, but the practical similarity of the evidence and of the actual facts in the particular case. In other words, the expression, "the evidence necessary to sustain the second indictment would have been sufficient to procure a legal conviction upon the first," must be taken to mean the evidence necessary and sufficient in the particular case, and not the evidence that would be necessary or sufficient in any case. And that if in the particular case it happens that the evidence necessary on the second would have been sufficient to sustain the first charge, this brings it within the rule. (Cooley's Constitutional Limitations [1st ed.], p. 328, and cases cited.)

LIDDELL, J.— The defendant was indicted for an assault with a dangerous weapon, to wit, a pistol, with intent to inflict a bodily injury upon the person of another. Upon arraignment, he plead in bar a former conviction, and that he had once been in jeopardy for the same acts and offenses set forth in the indictment. The matter was tried before the court without a jury; and from an order sustaining the plea, and discharging the defendant, the Territory duly excepted, and appeals the case to this court.

In the case of the *Territory* v. *Laun*, 8 Mont. 328, we held that no appeal would be allowed from a question of fact and

law within the discretion of the trial judge; that is, when there were two lines of fact, one of which was to be selected by the judge as representing the truth, as when there was a dispute as to what were the true facts, then it became necessary for the exercise of judicial discretion, and the Territory had no right to appeal from his ruling. In the present case there was no dispute whatever as to the facts which are offered in support of the plea, so the case does not fall within the rule laid down in the *Territory* v. *Lawn*, as is contended by counsel for defendant.

The case is before us upon a bill of exceptions, properly settled and signed, presenting only two questions—one as to the admissibility of evidence offered to sustain the plea, and the other as to the correctness of the ruling of the trial judge in sustaining the same, and discharging the accused.

While in a Butte saloon, the accused became engaged in an altercation with the saloon-keeper, and drew his pistol; but it does not appear that he used it in any manner other than to display it in the presence of one or more persons in an angry, rude, and threatening manner. On the day following, he was arrested on a warrant from a magistrate's court, prosecuted and convicted of the offense of drawing and exhibiting a deadly weapon in the presence of others in a rude, angry, and threatening manner, and paid his fine. Afterwards, when the grand jury convened, he was indicted for an assault with a dangerous weapon, to wit, a pistol, and with intent to inflict upon the person of Fulk, the saloon-keeper, a bodily injury.

In proving the prior prosecution, it became necessary to show the arrest, charge, trial, conviction, and sentence of the magistrate's court; and to this end the magistrate before whom the trial took place was introduced as a witness on behalf of the defense. The record of his court was offered in evidence, and clearly shows the trial, charge, plea, sentence, and payment of fine by the defendant; but the affidavit or complaint of the deputy-sheriff was in some way lost, and the magistrate testified to the officer having made the complaint, its contents, and that it was sworn to before him, and that he had searched diligently for the complaint, but that it could not be found. The counsel for the Territory objected to the introduction of this oral testimony, but he has referred us to no law for its exclusion. The

trial judge correctly overruled the objection, for the foundation had been sufficiently laid to prove the contents of the lost instrument. (Wharton's Criminal Pleading and Practice, § 481.)

The next objection was to the introduction of the magistrate's docket in the case of the *Territory* v. *Stocker*, on the ground that the docket shows the charge to have been made by one Fulk, whereas the magistrate had testified that the deputy-sheriff Fish had made the complaint upon which the defendant was arrested. This error was explained by the magistrate; Fulk having made the charge upon which the defendant was held to await the action of the grand jury, while the deputy-sheriff made the complaint upon which he was tried before the magistrate. There was no force in the objection, for it was immaterial who made the complaint; the question being as to the identity of the two offenses for which he was prosecuted.

Several rules are laid down by which the plea of former conviction and jeopardy may be tested, but we are unable to find any which would sustain the plea in the present case. While being prosecuted in the magistrate's court for displaying a deadly weapon in a rude, angry, and threatening manner in the presence of others, the defendant was never in any danger of being convicted of an assault with a deadly weapon with intent to inflict bodily harm. Nor would the evidence to convict of the offense of displaying a deadly weapon in a rude, angry, and threatening manner necessarily convict of the crime charged in the indictment. The assault may have been made without any display of the weapon in the presence of another, and the display of the weapon might be made without an intention to assault or do bodily harm. It is obvious that the two offenses are not generic, and an assault with a deadly weapon with intent to do bodily injury does not necessarily include the offense of displaying a deadly weapon in the presence of one or more persons in a rude, angry, and threatening manner, and not necessarily in self-defense. The evidence of the major would not necessarily sustain a prosecution for the minor offense.

It frequently happens that several offenses are included in a single affair or crime. For instance, in the present case, it is entirely possible that the defendant may not only have displayed his pistol in the presence of others in a rude, angry, and threat-

ening manner, but he may have been guilty of carrying concealed weapons, and of an assault, and also of an assault and battery, as well as an assault with a deadly weapon with intent to do bodily harm. Now, upon a prosecution for the latter crime, he may have been convicted of an assault, but not of a battery. (*Territory* v. *Dooley*, 4 Mont. 295.) But we are unable to perceive how either carrying concealed weapons, or displaying them in a rude, angry, and threatening manner in the presence of one or more persons, is necessarily included in the crime of an assault with a deadly weapon with intent to inflict bodily injury upon the person of another.

By the law of the Territory, an indictment must charge but one offense, and the jury is authorized to find the defendant guilty of any degree inferior to that charged in the indictment, or an attempt to commit the same, or of any offense necessarily included in the crime charged. We find this question under consideration in the case of the *Territory* v. *Willard*, 8 Mont. 328, and we there held that section 313 of the Criminal Practice Act carried with it the implied permission to prosecute for any offense not necessarily included in a former charge.

Whether it is a proper practice to harass and annoy the accused by successive prosecutions for offenses growing out of the same transaction is a matter which addresses itself to the sound discretion of the prosecuting attorney, who will be governed by the circumstances. But it may be doubted whether, in these minor offenses, the interest of the public is best served by such a course.

The order sustaining the plea, and discharging the defendant, is reversed, at cost of respondent.

BLAKE, C. J., and BACH, J., concur.