STATE, RESPONDENT, *v.* ESCHBACH, APPELLANT.

[Submitted October 3, 1893.  Decided October 9, 1893.]

CRIMINAL LAW—*Assault with deadly weapon.*—A conviction in a prosecution under section 60 of the Criminal Laws, making an assault with a deadly weapon a felony, when made with an intent to inflict upon the person of another a bodily injury, where no considerable provocation appears, or where the circumstances of the assault show an abandoned and malignant heart, can be followed only by punishment for misdemeanor where the jury found the defendant guilty "of an assault with a deadly weapon," as such verdict lacks the elements required to constitute the felony.

*Appeal from Eighth Judicial District, Cascade County.*

Conviction for assault. Defendant was tried before BEN-
TON, J. Reversed, and judgment directed.

Statement of the case by the justice delivering the opinion.
The defendant in this case was tried upon an information
based upon section 60 of the Criminal Laws, which is as fol-
lows: " An assault with a deadly weapon, instrument, or other
thing, with an intent to inflict upon the person of another a
bodily injury, where no considerable provocation appears, or
where the circumstances of the assault show an abandoned and
malignant heart, shall subject the offender to imprisonment in
the state's prison not less than one year nor more than two
years, or to a fine not less than five hundred nor more than one
thousand dollars, or to both such fine and imprisonment, at the
discretion of the court." The jury returned a verdict in the
following language: " We, the jury in the above-entitled cause,
find the defendant guilty of an assault with a deadly weapon."
Upon this verdict defendant was sentenced to imprisonment in
the penitentiary for the term of two years. Upon the appeal,
the appellant contends that he was sentenced for a felony, as
described in section 60 of the Criminal Laws, whereas the jury
found him guilty of only an assault, which is a misdemeanor,
as described in section 58 of the Criminal Laws, which is as
follows: " An assault is an unlawful attempt, coupled with a
present ability to commit a violent injury upon the person of
another, and every person convicted thereof shall be fined in a
sum not less than five nor more than fifty dollars."

*F. C. Park*, and *H. H. Ewing*, for Appellant.

DE WITT, J.—It is observed that there are several elements
constituting the offense described in section 60 of the Criminal
Laws. Those elements are: 1. An assault; 2. That it is with
a deadly weapon; 3. That it is with the intent to inflict upon
the person of another a bodily injury; 4 *a*. Either where no
considerable provocation appears, or 4 *b;* Where the circum-
stances of the assault show an abandoned and malignant heart.
The information charged all the elements of the offense.
There were two counts. The first count charged the offense
with the element as noted above under 4 *a*, and the second

count charged the offense with the element as noted above under 4 *b.* The verdict of the jury found the defendant guilty of an assault with a deadly weapon. The verdict thus found element 1, and element 2, as above noted. It did not find the intent to inflict upon the person of another a bodily injury; nor did it find either that there was no considerable provocation, or that the circumstances of the assault showed an abandoned or malignant heart. It is clear that the jury did not find the defendant guilty of felony, because they omitted to find the elements required to constitute the felony. The verdict found simply an assault, and it found that that assault was made with a deadly weapon. (See *State* v. *Carroll, ante,* p. 246; *Territory* v. *Willard,* 8 Mont. 328; *Territory* v. *Stocker,* 9 Mont. 6.)

The judgment being for a felony, upon a verdict which found only a misdemeanor, the judgment must be reversed, and the case remanded, and with directions to the district court to assess a penalty upon the verdict for an assault, as provided in section 58, Criminal Laws; and, if a fine is enforced by imprisonment, then the imprisonment already undergone by defendant shall apply in satisfaction of such confinement, as far as it satisfies the same.

*Reversed.*

HARWOOD, J., concurs. PEMBERTON, C. J., did not participate in the hearing or determination of this case.

[Submitted October 3, 1893. Decided October, 9, 1893.]