STATE, RELATOR, *v.* DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT ET AL., RESPONDENTS.

(No. 2,416.)

(Submitted March 11, 1907. Decided March 16, 1907.)

(89 Pac. 63.)

*Criminal Law—Assault—When Misdemeanor—Verdict—Sentence—Habeas Corpus—Jurisdiction—District Courts.*

Criminal Law—Assault—Verdict—Sentence.

1. In the absence of a finding in the verdict that defendant, charged with assault with caustic chemicals and corrosive acids, under section 403 of the Penal Code, committed the crime willfully or maliciously or with the intent to injure the flesh or disfigure the body of the person assaulted, it did not support a judgment of conviction for a felony, but found him guilty of assault in the third degree only, as defined in section 402 of the same Code, which is a misdemeanor and punishable by a fine or imprisonment in the county jail, or both.

Same—Appeal—*Habeas Corpus.*

2. The fact that one, incarcerated in the state prison pursuant to a sentence for the commission of a crime, has a plain remedy at law by way of appeal does not preclude him from having the legality of his imprisonment inquired into on *habeas corpus.*

Same—*Habeas Corpus*—Jurisdiction—Supervisory Control.

  3.  *Held,* on application for writ of supervisory control, that in order for a judgment in a criminal case to be proof against collateral attack by *habeas corpus* proceedings, the court which rendered it must have had jurisdiction not only of the person and of the subject matter, but must also have been clothed with power to render the particular judgment which it did pronounce; and where the court imposed a sentence for a term in the state prison for a crime which constituted a misdemeanor, its judgment was void and the prisoner was properly discharged on *habeas corpus.*

ORIGINAL application for writ of supervisory control by the state to review the action of the district court of Deer Lodge county, and of Honorable George B. Winston, Judge, in ordering the discharge of Andrew Fairgraives from confinement in the state prison on *habeas corpus* proceedings. Proceedings dismissed.

*Mr. Albert J. Galen,* Attorney General, and *Mr. E. M. Hall,* Assistant Attorney General, for Relator.

*Messrs. Maury & Hogevoll,* for Respondents.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On October 13, 1905, an information was filed in the district court of Silver Bow county charging Andrew Fairgraives with the crime of assault as defined in section 403 of the Penal Code, which reads as follows: "Every person who willfully and maliciously places or throws, or causes to be placed or thrown upon the person of another, any vitriol, corrosive acid, or caustic chemical of any nature, with the intent to injure the flesh or disfigure the body of such person, is punishable by imprisonment in the state prison not less than one nor more than fourteen years."

Upon the trial the jury returned the following verdict: "We, the jury in the above-entitled action, find the defendant, Andrew Fairgraives, guilty of the crime of assault with corrosive acids and caustic chemicals, and leave his punishment to be fixed by the court." The court thereupon rendered its judgment that

Fairgraives be punished by imprisonment in the penitentiary for the period of fourteen years, and he was thereupon delivered into the custody of the prison contractors at Deer Lodge and confined in the penitentiary. A petition for writ of *habeas corpus* on his behalf was then presented to the district court of the third judicial district in and for Deer Lodge county. The writ issued, and upon the return and a hearing, Fairgraives was discharged from the custody of the prison contractors and remanded to the custody of the sheriff of Silver Bow county, to be sentenced as for a misdemeanor. The attorney general then made application to this court for writ of supervisory control to review the action of the district court of Deer Lodge county. An order to show cause was issued, and upon the return a demurrer was interposed to the petition, and upon these pleadings the matter was submitted for decision.

The ground upon which Fairgraives urged his release from the penitentiary is that, although he was charged with the commission of a felony, he was convicted only of a misdemeanor. It is to be observed that it is not every assault with vitriol, caustic acids, or corrosive chemicals, which is designated a felony by section 403 above, but only such an assault as is made willfully, maliciously, and with the intent to injure the flesh or disfigure the body of the person assaulted. The willfulness, malice and intent to injure are necessary requisites in order to constitute the assault a felony. The verdict finds the defendant guilty of an assault with corrosive acids and caustic chemicals. It wholly fails to find that the assault was committed willfully or maliciously, or with the intent to injure the flesh or disfigure the body of the person assaulted. It is therefore clear that the jury did not find Fairgraives guilty of a felony, because they failed to find the elements necessary to constitute a felony.

The case of *State* v. *Eschbach*, 13 Mont. 399, 34 Pac. 179, is parallel with this case in the district court. Eschbach was charged with the crime of assault with a deadly weapon, instrument, or other thing, with an intent to inflict upon the person of

another a bodily injury, where no considerable provocation appears or where the circumstances of the assault show an abandoned and malignant heart. Such a crime was defined by section 60, Fourth Division, Compiled Statutes of 1887, in force at the time the information in that case was filed. The jury returned a verdict finding the defendant guilty "of an assault with a deadly weapon." Upon appeal this court said that there were five distinct elements in the offense defined in section 60 above; that the jury had found but two of those elements; and, having omitted to find the other elements necessary to constitute the crime defined, the verdict simply found defendant guilty of an assault as defined in section 58 of the same Division of the Compiled Statutes, which was a misdemeanor. The decision in that case is determinative of the fact that by the verdict returned in this instance Fairgraives was found guilty of assault in the third degree, as defined in section 402 of the Penal Code, and the maximum punishment which the court could lawfully inflict was a fine of $500, or imprisonment in the county jail for six months, or both. (See, also, *State* v. *Snider*, 32 Wash. 299, 73 Pac. 355, and cases cited.) That the district court did not have power or authority to sentence Fairgraives to a term of imprisonment in the penitentiary for an assault in the third degree is too plain to require argument. The mere statement of the proposition is a sufficient demonstration of its accuracy.

In a case of this character, where a final judgment has been rendered, it must be conceded that the writ of *habeas corpus* is not designed to fulfill the functions of an appeal. It is not intended to bring up for review mere errors or irregularities, relating to substantive rights or matters of procedure, committed by the trial court. Its only office is to challenge the jurisdiction of that court. (21 Cyc. 285, 294.) But the fact that the petitioner has a plain remedy at law by way of appeal is not even an argument against the issuance of the writ. In *Re Downey*, 31 Mont. 441, 78 Pac. 772, this court said: "The appealable or nonappealable character of the order is not determinative of the

question whether the writ will issue.   As we have already said, a solution of this question rests upon an answer to the inquiry whether the order or judgment complained of is void, so as to be open to collateral attack.''   When the jurisdiction of the district court of Silver Bow county was attacked by the applicant for the writ of *habeas corpus,* the only inquiry which the district court of Deer Lodge county was called upon to make was this: Is the judgment which sentenced this petitioner to serve a term in the penitentiary open to collateral attack?

While there is some conflict between the early and later decisions as to the scope of the meaning of the term ''jurisdiction'' as applied to a case of this character, the decided weight of authority now supports the view that, in order for the judgment to be proof against an attack made by *habeas corpus* proceedings, the court rendering it must have had jurisdiction of the person and of the subject matter, and, in addition thereto, must have possessed the power or authority to render the particular judgment which it did pronounce; and the absence of any one of these factors renders the judgment void, and, consequently, open to collateral attack.   (Brown on Jurisdiction, sec. 110; 1 Black on Judgments, sec. 258; *In re Garvey,* 7 Colo. 384, 49 Am. Rep. 358, 3 Pac. 903; *Ex parte Cox,* 3 Idaho, 530, 95 Am. St. Rep. 29, 32 Pac. 197; *Ex parte Bulger,* 60 Cal. 438; *People ex rel. Tweed* v. *Liscomb,* 60 N. Y. 559, 19 Am. Rep. 211; *Ex parte Lange,* 18 Wall. 163, 21 L. Ed. 872; *Ex parte Reed,* 100 U. S. 13, 25 L. Ed. 538; *Ex parte Yarbrough,* 110 U. S. 651, 4 Sup. Ct. 152, 28 L. Ed. 274; *In re Bonner,* 151 U. S. 242, 14 Sup. Ct. 323, 38 L. Ed. 149; 21 Cyc. 296, and cases cited.)

In reaching its conclusion that jurisdiction to render the particular judgment is as essential as jurisdiction of the person or subject matter, the supreme court of the United States, in *Ex parte Lange,* above, in illustrating its position, said: ''It is no answer to this to say that the court had jurisdiction of the person of the prisoner and of the offense under the statute.   It by no means follows that these two facts make valid, however er-

roneous it may be, any judgment the court may render in such case. If a justice of the peace, having jurisdiction to fine for a misdemeanor and with the party charged properly before him, should render a judgment that he be hung, it would simply be void. Why void? Because he had no power to render such a judgment. So, if a court of general jurisdiction, on an indictment for libel, render a judgment of death or confiscation of property, it would, for the same reason, be void. Or if, on an indictment for treason, the court should render a judgment of attaint, whereby the heirs of the criminal could not inherit his property, which should by the judgment of the court be confiscated to the state, it would be void as to the attainder, because in excess of the authority of the court and forbidden by the Constitution."

While the supreme court of the United States, in *Re Eckart*, 166 U. S. 481, 17 Sup. Ct. 638, 41 L. Ed. 1085, does not announce any contrary conclusion, we confess ourselves unable to reconcile some of the matters stated in that opinion with the decisions in the cases cited above.

Since the district court of Silver Bow county had no power or authority to impose a sentence of imprisonment in the penitentiary upon Fairgraives for a misdemeanor, its judgment was simply void, and Fairgraives was entitled to be discharged from the custody of the prison contractors upon *habeas corpus;* for the defect was one of jurisdiction. The district court, in sentencing him to such imprisonment, clearly exceeded its jurisdiction, and in discharging him from the custody of the prison contractors the district court of Deer Lodge county was clearly acting within the authority granted by section 2754 of the Penal Code, which, among other things, provides: "If it appears on the return of the writ that the prisoner is in custody by virtue of process from any court of this state, or judge or officer thereof, such prisoner may be discharged in any of the following cases, subject to the restriction of the last section: (1) When the jurisdictiin of such court or officer has been exceeded. * * * "

The demurrer to the petition is sustained, the order to show cause is quashed, a writ of supervisory control is denied, and the proceedings are dismissed.

*Dismissed.*

Mr. Chief Justice Brantly and Mr. Justice Smith concur.