ADRIAN JAYCEAN MORIGEAU, Petitioner, *v.* THE STATE OF MONTANA, and ED ELLSWORTH, JR., Warden of the State Penitentiary of the State of Montana, Respondents.

No. 11268.

Submitted January 6, 1967. Decided January 25, 1967.

423 P.2d 60.

William F. Crowley, Missoula, for petitioner.

Forrest H. Anderson, Atty. Gen., Charles Joslyn, Asst. Atty. Gen. (argued), Helena, Marshall Candee, County Atty., Libby, for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an original proceeding wherein petitioner seeks a writ of review or other appropriate post-conviction remedy. Following an ex parte hearing an alternative order to show cause was issued by this court on December 20, 1966. An answer and return was filed by the attorney general's office on behalf of the respondents. The matter was argued before this court on January 6, 1967.

The record discloses that on January 29, 1965, petitioner and two other defendants were jointly charged in a two count information with the crimes of first degree burglary and grand larceny. On February 11, 1965, petitioner entered a plea of guilty to each of the two counts in the information and was sentenced to two years in the state prison on each count, the sentences to run consecutively. All but the first thirty days of the consecutive sentences was suspended. The suspended sentences were revoked by the district court on April 1, 1966, and

the petitioner was taken to the state prison to serve the remainder of his sentences.

Prior to the filing of this petition in this court, petitioner filed a petition in the district court in which he had been sentenced. The dstrict court held a hearing at which petitioner was represented by his present counsel and the respondents were represented by the local county attorney. At that hearing the attorneys for the respective parties made an open court stipulation that the facts to be used by the district court in rendering its decision would consist of the testimony of petitioner Morigeau and his co-defendants, Larry John Britton and Ronald Dean Shelmerdine at their pre-sentence hearing. In denying the relief sought by the petition, the district court made findings of fact, conclusions of law, and order and judgment, which are exhibits to petitioner's petition in this court. Again in this court neither petitioner nor respondents argue with the facts as found by the district court, but rather the parties put a different interpretaion on their results and legal ramifications. Therefore, we will set forth the facts as found by the district court.

"(T)he facts concerning the two offenses with which petitioner was charged in the Information and to which he pleaded guilty herein and was subsequently sentenced were as follows: Petitioner, Ronald Dean Shelmerdine and Larry John Britton were drinking coffee in the Ten Pin Cafe in Libby, Lincoln County, Montana, at about 1:00 a. m. on January 29, 1965, when they decided to break into the Smith Beer Parlor in Libby. They discussed this for an undetermined period of time and thereupon petitioner and Ronald Dean Shelmerdine left the Ten Pin Cafe, looked over the windows at the Smith Beer Parlor, and petitioner walked around to the back of the building and broke a window. Petitioner and said Shelmerdine returned to the Ten Pin Cafe and drank another cup of coffee for 15 or 20 minutes. Thereupon petitioner, Shelmerdine, and Britton left the cafe, got into Britton's car and drove around

the streets of Libby for one-half hour to one hour trying to locate the whereabouts of the city policeman on duty. After seeing him park the police car, petitioner, Shelmerdine and Britton drove to Smith's Beer Parlor and Shelmerdine and petitioner got out with Britton driving his car several blocks away in the general area of a highway overpass below which was a baseball park. Shelmerdine lifted petitioner up and petitioner went through the window that had been previously broken and after entering the building, went around to the back door, opened it and Shelmerdine entered. Petitioner and Shelmerdine then entered the barroom and looked around for about five minutes. After this time had elapsed they opened a door, saw about 50 cases of beer therein and carried 19 cases of beer and removed the 19 cases of beer from the premises stacking it in the rear thereof. Thereupon petitioner and Shelmerdine walked to the baseball park where Britton's car was parked, the three returned to the alley behind Smith's Beer Parlor and loaded the 19 cases of beer into Britton's car and drove off."

Petitioner's position in this proceeding can be summarized in this manner:

(1) Section 94-4701, R.C.M.1947, provides in part: "An act or omission which is made punishable in different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one * * *."

(2) A man can be charged and convicted of more than one offense arising out of a single transaction, but he can, under section 94-4701, be punished for only one of them.

(3) The offense committed in this case was a single unbroken series of acts having as their object only one result, the theft of the cases of beer.

(4) Petitioner received two consecutive sentences for one act.

(5) Therefore, the sentences imposed upon him were in violation of section 94-4701, and the second of the two consecutive sentences assessed against him is illegal and void.

Petitioner's legal argument, as developed in his brief, is based upon the contention that his criminal activities on the morning of January 29, 1965, were a single act. We are unable to agree with this contention.

As early as Territory v. Willard, 8 Mont. 328, 331, 332, 21 P. 301, 302, this court noted the distinctions between burglary and larceny, stating: "It is plain from the definitions that they [burglary and larceny] are two distinct crimes, and the larceny is not necessarily included in the burglary. In order to sustain the indictment for burglary it would only be essential to prove the felonious entry with the intent, while to convict on the charge of larceny, it becomes necessary to show the taking, for the entry may have been without any felonious intent. Burglary, on the other hand, may, as it frequently does, exist without actual theft, and larceny may be committed without burglary. Therefore, in making out the case of larceny, the prosecution need not have shown any burglarious intent or entering; it became only necessary to prove the usual elements of theft,—that is, the venue, the identity of the accused, the felonious taking, the intent to convert to the taker's use, the property stolen, its value, the ownership, and that the offense occurred within the time limited for such prosecutions * * *." The various decisions of this court since the Willard case, supra, have not materially departed from this explanation of the two crimes.

The manner in which the petitioner and his companions committed the burglary and larceny divide the crimes neatly. There is a distinct time interval between each crime. Either crime can be proven without the slightest reference to the other crime. There are two distinct acts by which two distinct crimes were committed.

The vital element of petitioner's argument, that is, the single act contention, is not supported by the facts. Therefore, we are not required to interpret the meaning of section 94-4701.

We make this further comment concerning petitioner's

sentences for his crimes. For the crime of first degree burglary alone, the petitioner could have received a sentence of 15 years. However, petitioner's sentences for both crimes, as previously noted, totaled only four years. The petitioner was given an additional leniency by the district court by reason of the suspension of all but the first thirty days of the sentences. The manner in which the district court treated the petitioner was fair and lenient.

The writ is denied.

MR. JUSTICES ADAIR, DOYLE, CASTLES and JOHN C. HARRISON, concur.