657 P.2d 492

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Leroy Novell MARTIN, Defendant-Appellant.**

No. 14374.

Court of Appeals of Idaho.

Jan. 18, 1983.

**196**

Frederick G. Loats, Nordlof & Loats, Coeur d'Alene, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

### PER CURIAM.

■ The question presented is whether disposing of stolen property is a lesser included offense of second degree burglary.[1] Appellant Martin stands convicted of two counts of second degree burglary. On appeal he challenges the district court's refusal to instruct the jury that disposing of stolen property is a lesser included offense. We hold that the district court acted correctly, and we affirm the judgment of conviction.

Whether disposing of stolen property is a "lesser" offense than second degree burglary depends upon the value or description of the property. I.C. § 18–4612. There was conflicting evidence at trial on this point. However, the underlying question is whether disposing of stolen property is "included" in the offense of burglary.

Our Supreme Court has developed two tests for determining whether one crime is an included offense of another. An included offense "is one which is necessarily committed in the commission of another offense; or one, the essential elements of which are, charged in the information as the manner or means by which the offense is committed." *State v. McCormick,* 100 Idaho 111, 114, 594 P.2d 149, 152 (1979).

■ With respect to the first test, we note that, when the offenses here at issue were committed, the elements of burglary were: (1) entry (2) into a building or other specified enclosure (3) with intent (4) to commit larceny or any felony. The elements of disposing of stolen property were: (1) disposing of personal property (2) of another (3) while knowing or having reason to believe the property had been stolen. The two crimes are distinct from each other. A burglary is complete when a person enters a structure with the intent to commit larceny or any felony. One need not steal, nor come into possession of stolen property, in order to commit burglary. *E.g., State v. Williams,* 103 Idaho 635, 651 P.2d 569 (Ct.App.1982). The crime of disposing of stolen property is not necessarily committed in the course of the crime of burglary. In fact, it is difficult to conceive of circumstances where elements of the former would be embraced by the latter.

The second test under *McCormick* is whether the essential elements of the purportedly included offense are charged in the information as the manner or means by which the principal crime is committed. In the present case, an amended information charged that Martin entered a locked storage shed, and another building, with intent to commit larceny as evidenced by his taking of certain property on each occasion. These charges refer to taking of property, but they do not allege disposing of such property as a manner or means of committing burglary.

We conclude that disposing of stolen property is not an included offense of the

---

1. At times relevant to this case, I.C. § 18–4612 provided, in pertinent part:

   Any person who ... disposes of personal property of another and knowing or having reason to believe the property has been stolen ... shall be deemed guilty of a crime.

At the relevant times, I.C. § 18–1401 provided, in pertinent part:

   Every person who enters any ... building ... with intent to commit ... larceny or any felony, is guilty of burglary.

crime of burglary.[2] The judgment of conviction, on two counts of second degree burglary, is affirmed.

---

**2.** Our conclusion is consistent with that reached in other cases, holding that similar offenses akin to disposing of stolen property are not included in the crime of burglary. *See, e.g., State v. Bolton,* 144 Ga.App. 797, 242 S.E.2d 378 (1978) (theft by receiving); *D.P. v. State,* 129 Ga.App. 680, 200 S.E.2d 499 (1973) (receiving stolen property); *People v. Johnson,* 103 Ill.App.3d 564, 59 Ill.Dec. 624, 431 N.E.2d 1381 (1982) (theft); *People v. Matuja,* 77 Mich. App. 291, 258 N.W.2d 79 (1977) (receiving and concealing stolen goods); *Morigeau v. State,* 149 Mont. 85, 423 P.2d 60 (1967) (larceny).