**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38482**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 362 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 10, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CLYDE OWEN DIXEY, JR., | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Judgment of conviction for burglary, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Elizabeth A. Koeckeritz, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Clyde Owen Dixey, Jr. appeals from his judgment of conviction for burglary. For the reasons set forth below, we affirm.

Dixey was charged with two counts of burglary. I.C. § 18-1401. Count 1 alleged that Dixey entered the warehouse of a tire shop in November 2006 with the intent to commit theft by taking tires. Count 2 alleged that Dixey entered a warehouse at the same tire shop in September 2006 with the intent to commit theft by taking tires. Dixey pled not guilty, and the case proceeded to a jury trial where Dixey was found guilty of both counts. He was sentenced to concurrent unified terms of eight years, with minimum periods of confinement of four years. Dixey appeals, challenging only the sufficiency of the evidence for the November 2006 conviction.

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable

1

trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. *State v. Johnson*, 149 Idaho 259, 263, 233 P.3d 190, 194 (Ct. App. 2010). Substantial evidence is more than a scintilla, but less than a preponderance. *State v. Bennett*, 142 Idaho 166, 169, 125 P.3d 522, 525 (Ct. App. 2005). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

The evidence presented at trial showed that, in September 2006, an employee of a tire shop saw Dixey's truck parked outside the tire warehouse. The employee testified that he saw Dixey exit the warehouse and throw a tire in the back of his truck. The employee noted the tire Dixey threw into the truck bore a white sticker like those the tire store used to mark its merchandise. The employee stated that, when Dixey saw him, Dixey got into his truck and drove away quickly, leaving several more tires lying outside the warehouse door. The employee wrote down Dixey's license plate number.

The employee further testified that, in November 2006, he and another employee saw Dixey's truck parked by the warehouse door again. He stated he saw Dixey exit the warehouse but noted that Dixey's hands were empty. The employee testified he recognized Dixey from the September incident. The employee went back into the store to notify the owner that Dixey was on the premises. The second employee testified that he called out to Dixey to ask him what he was doing. Dixey told the employee he had tires to trade. The employee asked Dixey to pull around to the front of the store. Once at the front of the store, Dixey was confronted by the store owner. The store owner testified that he looked into the back of Dixey's truck and saw several new tires, none of which belonged to the store. Dixey asked the store owner whether he was interested in making a trade for the tires. The store owner testified he then turned to his employee and asked if Dixey was the same man who was seen taking tires from the warehouse in September. When the employee answered in the affirmative, Dixey jumped into his truck and

2

drove away quickly. During closing argument, the prosecutor encouraged the jury to infer, based on Dixey's conduct during the September incident, that he went to the warehouse in November with the intent of committing theft by taking tires.

Dixey argues that the state failed to present substantial evidence to sustain his judgment of conviction for the incident occurring in November 2006. Specifically, Dixey argues that the evidence presented at trial in support of the September charges cannot be used to demonstrate he had the intent to commit a theft when he entered the warehouse in November. To convict a defendant of burglary, the state must prove that a person enters a structure with the intent to commit a felony--in this case theft. *See* I.C. § 18-1401; *State v. Martin*, 104 Idaho 195, 196, 657 P.2d 492, 493 (Ct. App. 1983). Dixey asserts that, absent the September evidence, the state did not present sufficient evidence at trial to prove beyond a reasonable doubt he had the intent to commit theft when he entered the warehouse during the November incident. We note that Dixey did not object at trial on I.R.E. 404(b) grounds to the use of the September incident to support the intent element of the November allegations. In addition, Dixey does not argue on appeal that the evidence of the September incident was improper propensity evidence under I.R.E. 404(b). Therefore, when determining whether there was sufficient evidence to convict Dixey of the November charges, we will consider all evidence presented at Dixey's trial, including evidence relating to the September incident.

The record demonstrates there was substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the intent element of the November burglary charge. The evidence at trial showed that, in September 2006, a tire store employee observed Dixey walk out of the tire warehouse and throw a tire into the back of his truck. The employee observed a white sticker on the tire that was similar to those the store used to mark its tires for sale. The employee testified that Dixey drove off hurriedly when he saw the employee. The evidence also demonstrated that Dixey was observed by the same employee with his truck backed up to a tire warehouse door in November 2006. The employee saw Dixey exit the warehouse. When the store owner asked the employee if Dixey was the same man he had observed during the September incident, Dixey jumped in his truck and drove away quickly. Dixey's actions in November--parking his truck near the warehouse and entering the warehouse without an employee present--closely mirrored his actions in September when he was seen putting tires into his truck. In addition, Dixey's actions in taking off in his truck when he

3

was confronted by the store owner also indicated his intent and consciousness of guilt. Viewing all of the evidence presented at trial in the light most favorable to the state, we conclude there was sufficient evidence for a reasonable jury to find that Dixey entered the warehouse in November with the intent of committing theft by taking tires. Thus, there was substantial evidence upon which a reasonable jury could have found that the state sustained its burden of proving the intent element of burglary beyond a reasonable doubt. Accordingly, Dixey's judgment of conviction is affirmed.

Chief Judge GRATTON and Judge LANSING, **CONCUR.**