STATE, RESPONDENT, *v.* GREEN, APPELLANT.

[Submitted February 23, 1895.  Decided February 25, 1895.]

BURGLARY—*Sufficiency of information.*—In charging in an information the stat. utory offense of burglary, the pleader must aver that the place entered was one included within the strict terms of the statute, but in the use of the words "box-car" instead of "rail-car," there is no substantial departure from the rule, and the information is good in compliance with the statute.

SAME—*Erroneous instruction to jury.*—The two essential averments, namely, the entry and the felonious intent at the time of the entry, are indispensable to support an information for burglary, and, on the trial of a person for entering a box-car with intent to steal, it is error to instruct the jury that a "mere entering is sufficient," without also charging that such entry must have been made with the intent to steal the property described in the information. (*State* v. *Carroll*, 13 Mont. 246, cited.)

SAME—*Instructions in burglary cases.*—Under the statutes of the state, and the construction put upon them by the supreme court, great care is required in charging the jury in burglary cases, in order to preserve the distinction between burglary and larceny, lest, without sufficient proof of felonious entry with intent to steal, but upon sufficient evidence of a larceny merely, the jury improperly convict of burglary.

*Appeal from Fifth Judicial District, Beaverhead County.*

CONVICTION for burglary.  The defendant was tried before SHOWERS, J.  Reversed.

*Robert B. Smith*, and *W. S. Barbour*, for Appellant.

Appellant's attorney moved the court to instruct the jury to return a verdict of not guilty, basing this motion on the ground that the information charged the property burglarized to be the property of certain persons named, receivers of the Union Pacific Railway Company.  It was contended that, as the ownership absolute was laid in these parties, it should be so proven; and a qualified ownership or possession as proven was

not sufficient. The fact that the persons named were receivers of the Union Pacific Railway does not make them owners. (See Beach on Receivers, §§ 216, 230; *Ex parte Cohen*, 5 Cal. 494; 20 Am. & Eng. Ency. of Law, 126, and note; *Aldridge* v. *State*, 88 Ala. 113; 16 Am. St. Rep. 23; Bishop's Criminal Procedure, § 109.) The information charges the defendant with breaking and entering a "certain box-car," etc. The charge does not follow the statute, or use the statutory words "rail-car." "A certain box-car," as used in the information, does not necessarily mean a "rail-car" as employed in the statute. The word "car" is a Celtic word, and means a four-wheeled wagon, a platform or carriage supported on four wheels. Hence, a platform having sides and supported on four wheels may be a "box-car," and still not be a "rail-car." (See Bishop on Statutory Crimes, 2d ed., § 221; Bishop's Criminal Procedure, §§ 106, 107; *Thomas* v. *State*, 12 So. Rep. 409; *Commonwealth* v. *McMonagle*, 1 Mass. 517; *Commonwealth* v. *Carroll*, 8 Mass. 490; *Hagar* v. *State*, 35 Ohio St. 268.) And if there be any doubt in the mind of the court as to the construction to be put on the term "box-car," the prisoner should have the benefit of the doubt. (Bishop on Statutory Crimes, §§ 218, 220, 231, 242.) The court erred in admonishing the jury that a mere entering of the car, even though it should be with good intention or with the consent of the owner, was sufficient to constitute the crime of burglary. This instruction was erroneous, for the reason that it separated the entry of the car from the intent with which it was entered.

HUNT, J.—The defendant was charged with the crime of burglary. The charging part of the information was as follows: ". . . . willfully, unlawfully, feloniously, and burglariously, a certain box-car of S. H. H. Clark, Oliver W. Mink, E. Ellery Anderson, J. W. Doane, and F. R. Coudert, receivers of the Union Pacific Railway Company there situate, did enter, with the intent then and there the goods, chattels, and valuable property of the said receivers of the said Union Pacific Railway Company, in the said box-car then and there being found, willfully, unlawfully, feloniously, and burglariously to take, steal, and carry away, contrary," etc.

The defendant was found guilty, and sentenced to the penitentiary.

A motion in arrest of judgment was made, for the reason that the facts stated in the information do not constitute a public offense. The point that the appellant makes is, that the charge that the defendant entered a certain box-car, and not a "rail-car," as described in the statute of burglary, is fatal to the information. In charging the statutory offense of burglary, the pleader must aver that the place entered was one included within the strict terms of the statute. But we think that in the use of the word "box-car" instead of "rail-car" there was no substantial departure from the rule. A box-car is defined by the Century Dictionary as "an inclosed and covered freight-car," and a freight-car, by the same authority, is "a railroad-car for carrying freight, commonly a box-car." A box-car is therefore a rail or railroad car; hence the statute is complied with, and the information is good.

The next point necessary to consider is the misdirection of the jury in a matter of law. The court gave to the jury the statutory definition of burglary, and, under general instructions, charged them, among other things, that in every criminal act a criminal intent was necessary. But the only particular instruction applicable to the testimony was as follows:

"You are instructed that under our statute relating to burglary, as given to you elsewhere in these instructions, it is not necessary, in order to constitute the crime, that there should be a breaking. A mere entering into a building or car is sufficient, and that if you believe, beyond a reasonable doubt, that the defendant stole the property mentioned and described in the information, and that said property was in the car mentioned in the information, then you may infer that the defendant did enter the car with the intent to commit the said larceny."

The first sentence of this instruction was correct as far as it went, and unless the defendant made special requests for additional instructions, had the court gone no farther, error could hardly have been complained of. It simply laid down the modified rules which do not require any breaking or force in the entry to constitute an element of the crime of burglary.

But the court, after negativing the common-law ingredient of a breaking, proceeded to positively define the crime by express limitations as to the sufficiency of the evidence necessary to prove it, and to apply the definition so given to the case under consideration by telling the jury that a "mere entering is sufficient." This by itself was erroneous, because a mere entry is not enough to prove a burglary, unless such entry was made with the intent, at the time thereof, to steal the property described in the information. The two essential averments, the entry and the felonious intent at the time of the entry, are indispensable to support the information. (*State* v. *Carroll,* 13 Mont. 246.)

Nor would it seem that the omission was cured by saying to the jury that if they believed that the coal was stolen by defendant they *might* infer that the defendant did enter the car with the intent to commit larceny; because, except by this incidental charge upon the weight of evidence, the jury were not told that, before they could convict, they *must* find that such felonious intent existed in the mind of the defendant at the time of the entry charged; or, to put it generally, although an inference may be drawn of an antecedent felonious intent by proof of subsequent acts or circumstances, still the right to make such inference does not obviate a necessity of the jury being satisfied, beyond a reasonable doubt, by all the facts and circumstances in evidence, that such a concurrent intent actually existed, where, but for its existence, a verdict of guilty cannot be sustained.

The instruction was certainly calculated to mislead; it directed the jury to deliberate upon the one essential element of the crime, the entering, to the exclusion of an equally essential ingredient, the intent with which the entry was made. (Wharton's Criminal Evidence § 431; *State* v. *Meche* (La.), 7 South. Rep. 574.)

Under the instruction given there might have been a perfectly lawful entry into the car at the time charged, without any intent to steal at all, but if there was a subsequent larceny of the property from another place, even after removal thereof from the car, if such property had been in the car, the defendant could, nevertheless, be convicted of burglary in his original

lawful entry into the car. It needs no argument or authority to demonstrate that such a conviction could not stand. If the instruction had said that a mere entry into the car, if such entry was with an intent then and there to steal the coal, and if the jury believed from the evidence, beyond a reasonable doubt, that the defendant then and there committed the larceny, in manner and form as charged, and that the property was at the time of such 'entry in the car, the obvious errors complained of would have been cured.

Under our statutes, and the construction put upon them by the supreme court in the cases of *Territory* v. *Fox*, 3 Mont. 440, and *Territory* v. *Willard*, 8 Mont. 328, great care is necessary, in charging the jury in burglary cases, to preserve the distinction between burglary and larceny, lest, without sufficient proof of felonious entry with intent to steal, but upon sufficient evidence of a larceny merely, the jury improperly convict of burglary.

A review of the testimony in this case impresses upon us the importance of the distinctions noted. The evidence of any felonious entry by the defendant in the car was wholly circumstantial. There was ample room for a reasonable doubt by the jury of any actual entry of the car at all by the defendant, although the proof tending to establish a larceny was direct and clear. But for lack of proper definition of the several essential parts of the crime of burglary the motion for a new trial should have been granted.

The other errors assigned are not well taken.

The judgment is reversed, and the cause remanded for new trial.

*Reversed.*

DE WITT, J., concurs.