STATE, RESPONDENT, v. COPENHAVER, APPELLANT.

(No. 2,386.)

(Submitted March 15, 1907.   Decided March 21, 1907.)

(89 Pac. 61.)

*Criminal Law—Burglary—Information—Verdict.*

Criminal Law—Burglary in Its Degrees—Information.
   1.   In an information charging burglary, the time during the twenty-four hours of the day at which the entry into any of the structures enumerated in section 820 of the Penal Code was made, need not be alleged, inasmuch as the degree of the offense—whether committed in the day or night-time—is to be determined by the jury under proper instructions.   (Penal Code, sec. 2145.)

Same—Burglary—Information—Jury can Convict Only of Crime as Charged.
   2.   Where the defendant was specifically charged with burglary in the night-time, constituting the first degree of the offense of burglary, the jury could not convict him of the crime in its second degree, as having been committed in the daytime, since the former does not include the latter, and inasmuch as the defendant need only meet the accusation as made, and not another and a different one, and the prosecution is held to proof of the charge as set out in the information.

*Appeal from District Court, Cascade County; J. B. Leslie, Judge.*

W. F. COPENHAVER was convicted of burglary in the second degree, and appeals from the judgment of conviction. Reversed.

*Mr. James W. Freeman,* for Appellant.

Citing: *People* v. *Jefferson,* 52 Cal. 454; *Bromley* v. *People,* 150 Ill. 297, 39 N. E. 209; *State* v. *Johnson,* 35 La. Ann. 842; *Guyness* v. *State,* 25 Tex. App. 584, 8 S. W. 667.

*Mr. Albert J. Galen,* Attorney General, and *Mr. W. H. Poorman.* Assistant Attorney General, for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The defendant, having been charged by information with the crime of burglary in the first degree—that is, in the nighttime— was found guilty of burglary in the second degree, or burglary in the daytime. The court pronounced judgment upon the verdict accordingly. From this judgment he has appealed, and insists that it cannot be sustained, for the reason that he has been convicted of an offense with which he is not charged.

The sections of the Penal Code defining burglary and providing its punishment are the following:

"Sec. 820. Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, railroad car with intent to commit grand or petit larceny or any felony is guilty of burglary.

"Sec. 821. Every burglary committed in the nighttime is burglary in the first degree and every burglary in the daytime is burglary in the second degree.

"Sec. 822. Burglary in the first degree is punishable by imprisonment in the state prison for not less than one nor more than fifteen years. Burglary in the second degree is punishable by imprisonment in the state prison for not more than five years."

Section 824 defines the phrase "nighttime" as meaning the period of time between sunset and sunrise. At the common law the essential elements of this crime were (1) a break-

ing, (2) an entry, (3) of a dwelling-house, (4) of another, (5) in the nighttime, (6) with the intent to commit a felony therein. It was therefore necessary to allege all these elements in the indictment, or it would not sustain a conviction. This rule, of course, required that the charge should be that the breaking and entry was in the nighttime, because the time was a necessary element of the crime. The definition of the crime laid down in section 820, *supra,* omits this element of time, and therefore, under the familiar rule that the indictment or information is sufficient if it follows substantially the language of the statute, the time during the twenty-four hours of the day the entry is made need not be alleged; but the entry of any of the structures enumerated, with the requisite intent, at any time of the day or night makes the offense complete.

An information following the language of the statute was held good by this court in *State* v. *Green,* 15 Mont. 424, 39 Pac. 322. While this case is not directly in point, it is in principle sustained by the courts of other states having similar statutes, and the following cases are directly in point: *Schwabacher* v. *People,* 165 Ill. 618, 46 N. E. 809; *Bruen* v. *People,* 206 Ill. 417, 69 N. E. 24; *People* v. *Jefferson,* 52 Cal. 452; *People* v. *Barnhart,* 59 Cal. 381; *People* v. *Smith,* 136 Cal. 207, 68 Pac. 702. Manifestly the pleader is not required to allege more than is necessary to meet the requirements of the statute.

Sections 821 and 822 distinguish the crime into two degrees and impose different punishments; but the degree of the offense is a matter of proof, and is for the jury to determine under proper instructions, as is provided in section 2145 of the Penal Code. (See cases cited.) But when the pleader, as in this case, makes the specific charge of a burglary in the nighttime, he unnecessarily narrows the scope of the inquiry, but he must be held to proof of the charge as made; for, though the crime is distinguished into degrees, and the jury may convict the defendant of any offense necessarily included in that with which he is charged (Pen. Code, sec. 2147), it is obvious that a charge of burglary committed in the nighttime does not include a charge

of burglary in the daytime, for the reason that the charge, by its very terms, alleges the aggravated offense, and thus excludes the notion that it was the purpose of the prosecutor to charge the defendant generally under section 820, *supra*. The defendant is entitled to demand the nature and cause of the accusation against him, so that, when put upon his trial, he may be able to meet the charge made, and not another and a different one. In this connection the supreme court of California, in *People* v. *Smith, supra,* very properly said: "Neither one of these specific offenses, made specific by the hour of its commission, can be said to be contained in the other. The reasoning applicable to convictions under indictments in murder cases is not at all in point. The presence or absence of malice, deliberation, and premeditation there fixes the degree of the crime, while here the degree is fixed by the hour of its commission. The gravity of the punishment is no element in determining whether the essentials of one crime are embraced within another charge."

The case of *State* v. *Jordan,* 87 Iowa, 86, 54 N. W. 63, cited by the attorney general, is not in point. In that case the court under a similar statute sustained a conviction of burglary in the second degree, though the charge alleged burglary in the first degree. Upon examination of the reason given by the court, however, it appears that this was done under a section of the Code which declared that, "upon an indictment for an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto, or of an attempt to commit the offense, if punishable by indictment." The corresponding section of our Code, *supra,* is different in substance, because it limits the conviction in such cases to such inferior crimes as are necessarily included in that with which the defendant is charged. One crime may be inferior to another, as are the degrees in burglary, while yet the higher degree does not include the inferior, as we have already pointed out. The following cases are instructive, and are all more or less in point upon the question here in-

volved: *State* v. *Behee,* 17 Kan. 402; *Williams* v. *State,* 46 Ga. 212; *State* v. *Alexander,* 56 Mo. 131; *Bravo* v. *State,* 20 Tex. App. 188; *Commonwealth* v. *McLaughlin,* 11 Cush. 598; *In re McVey,* 50 Neb. 481, 70 N. W. 51; *Bromley* v. *People,* 150 Ill. 297, 37 N. E. 209.

In this case the defendant was charged with one crime and convicted of another. The judgment must therefore be reversed; and it is accordingly so ordered.

*Reversed.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SMITH concur.