STATE, RESPONDENT, v. MISH, APPELLANT.

(No. 2,444.)

(Submitted November 5, 1907. Decided November 18, 1907.)

[92 Pac. 459.]

*Criminal Law—Attempt to Commit Burglary—Information— Sufficiency—Degree of Crime—Determination by Court— Sentence—Appeal—Presumptions.*

Criminal Law—Burglary—Entry—Information.
  1. Under Penal Code, section 820, providing that every person who enters any house, room, etc., with intent to commit grand or petit larceny or any felony, is guilty of burglary, the act of entry, to constitute the crime, must be itself a trespass; therefore the information should negative the idea that the defendant, at the time of entry, had the right to enter.

Same—Burglary—Entry—Ownership of Building—Information.
  2. While the ownership of the room or building, charged in an information for burglary to have been entered by defendant, need not be specifically alleged, it is the safer practice to do so, if known to the pleader.

Same.
  3. An information alleging that defendant "willfully, unlawfully and feloniously" attempted to "willfully, unlawfully and feloniously enter" a certain room in a lodging-house, with intent to commit larceny, sufficiently negatived the idea that at the time of entry he had a right to enter, and stated facts sufficient to constitute an attempt to commit burglary.

Same.
  4. Since under Penal Code, section 820, it is burglary to enter a house or room with intent to commit petit as well as grand larceny, the contention of appellant that the charge in the information referred to in the above paragraph, that accused attempted to enter "with intent to commit larceny," should be construed to mean petit larceny only, and that therefore the value of the articles sought to be stolen should have been alleged, has no merit.

*Same—Degree of Crime—Determination by Court—Appeal—Record—Presumptions.*

5. The jury, in finding a verdict of guilty of the crime of attempted burglary, left the punishment to be fixed by the court. While the crime of burglary is divided into first and second degrees, and in such case the jury must find the degree, an attempt to commit that offense is not so divided. The court, under section 1230, subdivision 1, Penal Code, imposed a sentence of seven and one-half years in the state's prison, one-half the maximum punishment authorized for the crime of burglary in the first degree. The evidence was absent from the record on appeal. *Held,* that in the absence of the testimony, it will be presumed that the court had evidence before it justifying a finding that, if guilty at all, the defendant was guilty of an attempt to commit burglary in the night-time, which constitutes the first degree of the offense, and that the punishment inflicted was proper. (Mr. Chief Justice Brantly dissenting.)

*Appeal from District Court, Silver Bow County; Michael Donlan, Judge.*

TOM MISH was convicted of an attempt to commit burglary, and appeals from the judgment of conviction. Affirmed.

*Messrs. Maury & Hogevoll,* for Appellant.

*Mr. Albert J. Galen,* Attorney General, and *Mr. W. H. Poorman,* Assistant Attorney General, for Respondent.

MR. JUSTICE SMITH delivered the opinion of the court.

The defendant in this case was convicted in the district court of Silver Bow county of an attempt to commit the crime of burglary, and appeals. His counsel contends that the information filed against him does not state facts sufficient to constitute a public offense, for "the reason that the information does not show that the room the defendant entered was not his own."

The charging part of the information is as follows: "That at the county of Silver Bow, state of Montana, on or about the 13th day of January, A. D. 1906, and before the filing of this information, the said defendant, Tom Mish, did willfully, unlawfully, and feloniously attempt to willfully, unlawfully, and feloniously enter that certain room numbered 59, in that certain house known as the 'Mullin House,' situate in Centerville, Silver

Bow county, state of Montana, with the intent then and there and therein willfully, unlawfully and feloniously to commit larceny."

Our Penal Code, section 820, reads thus: "Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, railroad car, with intent to commit grand or petit larceny or any felony is guilty of burglary." Burglary, as a common-law offense, was the breaking and entering of the dwelling-house of another, in the night-time with intent to commit a felony therein, whether the felony was committed or not. (*State* v. *Copenhaver*, 35 Mont. 342, 89 Pac. 61.) It was an offense against the habitation, and not against the property. (6 Cyc. 172; *State* v. *Morrissey*, 22 Iowa, 158.) But the attorney general contends that the nature of the entry is not material. He says in his brief: "The ownership of the building entered, and the ownership and value of the goods, are immaterial, except as matters of description. And if a man enters his own house for the sole purpose, and with the criminal intent, to steal the goods of another therein, he is guilty of burglary. At least, if the defendant at the time had the legal right and authority to enter the house, it is a defense, and not a matter of pleading."

The opinion of the court in *People* v. *Barry*, 94 Cal. 481, 29 Pac. 1026, seems to support this contention. In that case the defendant was convicted of burglary in having entered a grocery store, by the public entrance, during business hours, with intent to commit larceny. The following instruction was requested by the defendant and refused, to wit: "The defendant cannot be convicted of the crime if he had a right to enter the store of Murry & Seegelkin at the time alleged in the information, even if you believe from the evidence that at the time he entered he intended to commit larceny." The California statute defining burglary is identical with our own. The court in that case said: "Even under the present section of the Penal Code, many acts constitute burglary which but a few years ago were a different offense, or no offense whatever.

As to the acts which shall constitute the crime of burglary, that is a matter left entirely to the policy of the Legislature, within its constitutional powers; and, when that body has said that every person who *enters a store* with the *intent* to commit larceny is guilty of a burglary, the language is so plain and simple that rules of statutory construction are not required to be consulted. The meaning is patent upon the face of the statute. No words are found in the statute qualifying the character, kind, time or manner of the entry, save that such entry must be accompanied with a certain intent; and it would be judicial legislation for this court to interpolate other conditions into the section of the Code.'' Four of the justices concurred in the opinion on this branch of the case, and three dissented. Mr. Justice De Haven, in dissenting, said: ''I concur in the judgment, but dissent from so much of the opinion of Mr. Justice Garoutte as seems to hold that one who enters the store of another with intent to commit larceny therein is guilty of burglary, although the entry was open, and with the actual and free consent of the owner. I do not think that this is a correct interpretation of our statute defining the offense of burglary. I think, in order to constitute a burglarious entry, the act of entering must be itself a trespass—an intrusion into the building alleged to have been entered, an entry without the consent of the owner. (*State* v. *Moore,* 12 N. H. 42.)''

In the case of *State* v. *Moore,* 12 N. H. 42, above referred to, the defendant was convicted of burglary for having entered the barroom of a public inn while he was a guest at the inn, with intent to steal money from the cash box. The court, in setting aside a verdict of conviction, said: ''The act of stealing is evidence of the intent to steal; but is hardly sufficient to rebut the presumption that where he lawfully entered he entered for a lawful purpose. To hold that, for a lawful entry, a party could be punished, because, after such entry, he does an unlawful act, would be to find him guilty of a crime by construction, a result which the law, in its endeavors always to ascertain the real intention of the accused, invariably, in theory, avoids, and which

has seldom, in modern times, happened in practice. A case is put by Lord Hale, the reasoning of which is analogous to that we have used in this case. 'It is not a burglarious breaking and entry if a guest at an inn open his own chamber door, and takes and carries away his host's goods, *for he has a right to open his own door,* and so not a burglarious breaking.' (1 Hale's Pleas of the Crown, 553, 554.) If a burglary could not be committed because the party has a right to open his own door, notwithstanding the subsequent larceny, the same principle would seem to be applicable here, where the prisoner had a right to enter the house, and where, by parity of reasoning, his subsequent larceny would not make his original entry unlawful.''

Thus, it will be seen that these two cases embody the question we are considering, and decide it in different ways. We agree with the opinion of Judge De Haven, that, in order to constitute a burglarious entry, the act of entry must be itself a trespass. It may be that a man may burglarize his own house by entering therein, at a time when he has no right to enter, with intent to commit petit larceny or any felony. But, when the entry is lawful, what crime does he commit by simply having a felonious intent to steal? Our Code says that in every crime there must exist a union or joint operation of act and intent. If the act of entry by the accused is rightful, and the intent to steal is never executed, of what is he guilty? The fallacy of any other conclusion is brought forcibly to us when we consider that in the present case the defendant is simply accused of an attempt to commit burglary. Assume that the room was his own, and that, at the time, he had a right to enter it. He is then accused of attempting to do a lawful act with an unlawful intent, to be thereafter executed. The union of act and intent is wanting. If this is attempted burglary, wherein does it differ, in its elements, from an attempt to commit larceny? But the California court says, in effect, that the legislature has the power to declare a lawful entry with an unlawful intent burglary. Without deciding whether the legislature has the power to declare an act which is not *malum in se* unlawful, except in the reasonable

exercise of the police power, we are of opinion that the legislature in enacting our burglary statute had no such intention. It may be presumed, we think, that the legislature, in defining burglary and larceny, had in mind the common-law elements of those crimes, and intended to punish two different classes of offenses, and two offenses analogous at least, to the common-law offenses. Therefore they used the terms "burglary" and "larceny."

The case at bar is somewhat different from either the California case or the one from New Hampshire, because it may be argued that no man has a right to enter either a grocery store or a barroom of another for an unlawful purpose; but a man may lawfully enter his own house or room at any time, provided he has not parted with the right to enter at that particular time, and the unlawfulness of his intentions with regard to acts contemplated by him after entry cannot, in a criminal case, characterize the rightful act of entry. (See note to *The Six Carpenters' Case,* 1 Smith's Leading Cases, Part 1, 259-264.)

We hold that the information should negative the idea that the defendant at the time of entry had the right to enter, or, in other words, should show that the entry was a trespass. It does not necessarily follow that the ownership of the room or building must be specifically alleged, although, where this is known to the pleader, it would be the safer practice to do so. The name of the person having the right of possession, other than the defendant, may be alleged, or, in the absence of such allegation, terms should be employed indicating that the defendant at the time of entry was a trespasser. (*Wilson* v. *State,* 34 Ohio St. 199; *Beall* v. *State,* 53 Ala. 460.) In the case of *Commonwealth* v. *Perris,* 108 Mass. 1, it was held that under a burglary statute that was silent as to the ownership of the building, the charge must aver that the building was the property of another than the defendant. We think, however, that a wrongful entry is all that is necessary to be alleged and proved under our statute.

In the case at bar the defendant is accused of willfully, unlawfully, and feloniously attempting to willfully, unlawfully,

and feloniously enter room 59 in the Mullin House. We think this is sufficient, although any extension of the license to so plead might be fraught with danger. However, it is impossible to conceive that the defendant could unlawfully enter a room without committing a trespass.

Again, it is urged by appellant that he is charged with having intended to commit larceny, and that this should be construed as an attempt to commit petit larceny only. He cites the case of *Territory* v. *Duncan*, 5 Mont. 478, 6 Pac. 353, where this court held that, in order to constitute the crime of burglary in the daytime, there must be a breaking and entering with intent to commit a felony, and consequently the facts which make up the constituent elements of the felony and which show the intent to commit the same must be alleged. The court also held that an allegation that the entry was made with intent to commit grand larceny, without averring the value of the property intended to be stolen, was insufficient. The burglary statute under which the defendant in that case was prosecuted read: "Every person who shall break and enter any dwelling or other house, with the intent to commit murder, rape or robbery, or any other felony, in the daytime, shall be guilty of burglary." The court said: "It is not a felony and is not burglary, under this statute, to break and enter a dwelling-house in the daytime with intent to steal goods and chattels of less than $50 in value." But our Penal Code (section 820 *supra*) makes it burglary to enter a house or room with intent to commit petit larceny, so that the *Duncan Case* has no application.

The jury returned the following verdict in this case: "We, the jury in the above-entitled action, find the defendant, Tom Mish, guilty of the crime of attempted burglary, and leave the punishment to be fixed by the court." The court imposed a sentence of seven and one-half years in the state's prison. Defendant's counsel argues that "the court could not find the degree of the crime," and consequently could not pronounce a lawful sentence. Burglary, under our Penal Code, is divided into two degrees, viz., burglary in the night-time, which is bur-

glary in the first degree and punishable by imprisonment in the state's prison for a term of from one to fifteen years; and burglary in the daytime, which is burglary in the second degree, and punishable by imprisonment in the state's prison for a term not exceeding five years. While burglary is distinguished into degrees, for the purpose of fixing the punishment, an attempt to commit burglary, while a crime, is not divided into degrees.

Section 1229 of the Penal Code reads, in part, as follows: "An act done with intent to commit a crime and tending but failing to effect its commission, is an attempt to commit that crime."

Paragraphs 1 and 2 of section 1230 of the Penal Code provide:

"1. If the offense so attempted is punishable by imprisonment in the state prison for five years, or more, or by imprisonment in the county jail, the person guilty of such attempt is punishable by imprisonment in the state prison, or in the county jail, as the case may be, for a term not exceeding one-half the longest term of imprisonment prescribed upon a conviction of the offense so attempted.

"2. If the offense so attempted is punishable by imprisonment in the state prison for any term less than five years, the person guilty of such attempt is punishable by imprisonment in the county jail for not more than one year."

In charging burglary, it is not necessary to allege in the information the time of the entry (*State* v. *Copenhaver, supra*); but the jury, if they convict, must find the degree in accordance with section 2145 of the Penal Code. Section 2211 of the Penal Code provides that, upon a plea of guilty of a crime distinguished into degrees, the court must, before passing sentence, determine the degree. This provision, however, relates only to cases where a plea of guilty is entered. Neither the court nor jury could fix any degree of this crime because it has no degrees. The court fixed the punishment, and is presumed to have properly done so. The evidence is not before us. For aught we know, there was no controversy at the trial as to the time of

-the alleged offense. The defendant may have admitted upon -the witness stand that the acts committed by him, while not ,criminal, were, in fact, done between sunset and sunrise. We ·presume that there was evidence at the trial that justified the .court in finding that, if the defendant was guilty at all, he ·was guilty of an attempt to commit burglary in the night-time. (*State* v. *Shepphard,* 23 Mont. 323, 58 Pac. 868; *State* v. *Gordon,* ;35 Mont. 458, 90 Pac. 173.) The presumption·is strengthened ·in this case by the fact that the court told the jury that, if they .elected to fix the punishment, they could fix it at not exceeding ,one-half of the maximum punishment for burglary in the first .degree, and no complaint is made of this instruction.

The judgment of the district court of Silver Bow county is .affirmed.

*Affirmed.*

MR. JUSTICE HOLLOWAY concurs.


MR. CHIEF JUSTICE BRANTLY: I dissent from that portion of -the foregoing opinion, in which it is held that the verdict of the jury is sufficient.

Section 1229 of the Penal Code defines attempts. If there were a provision prescribing generally the punishment for such .crimes, without reference to the punishments inflicted for the .commission of the crimes themselves, a general verdict such as ·was returned in this case would be sufficient. Logically it would be responsive to every issue in the case. But section 1230, in .adjusting the punishments to be imposed in such cases, does ·so with special reference to the punishments imposed for the .consummated crimes. Now, burglary is distinguished into degrees; burglary in the night-time being of the first degree, and ·burglary in the daytime being of the second degree. (Pen. ·Code, sec. 820.) For the former the punishment is imprisonment in the state prison for not less than one nor more than fifteen years; for the latter like imprisonment for not more -than five years. (Pen. Code, sec. 822.)

In charging the crime of burglary, it is sufficient to charge it generally, and leave the jury to find the degree upon the evidence (*State* v. *Copenhaver*, 35 Mont. 352, 89 Pac. 61), as under the statute they must do (Pen. Code, sec. 2145). This they must do whether they leave the punishment to be fixed by the court or not, and for the reason that the degree in such cases depends upon inferences to be drawn from disputed facts; and since the defendant is entitled to a trial by a jury, he is entitled to have the jury determine every issue of fact in the case. It must, then, logically follow that where the charge is an attempt to commit a crime which is distinguished into degrees, as in case of burglary, the charge may be made generally of an attempt to commit the crime, but the jury should find the degree of the crime which was attempted; otherwise, they cannot fix the punishment, as they may do. (Pen. Code, sec. 2150.) Section 1230, *supra*, prescribing the punishment to be imposed in such cases, requires a finding of this kind; for an attempt to commit burglary in the first degree is punishable under subdivision 1 of that section, and an attempt to commit burglary in the second degree is punishable under subdivision 2.

Section 2151, it seems to me, has no application to a case of this kind. It seems applicable to those cases only, excepting, of course, judgments rendered upon pleas of guilty, wherein the jury have made every finding necessary to enable them to fix the punishment, but cannot agree upon the extent of it within the limitations prescribed by the statutes. In such cases, if they fail or neglect to fix it, the court may declare it, but not otherwise. If they fail to make every finding necessary for this purpose, the court may not, in my opinion, hear evidence or examine the evidence submitted at the trial and make an additional finding of fact, and then determine under which subdivision of section 1230 the punishment should be administered. The verdict is not responsive to one of the material issues in the case.

The only authority I have found directly in point is the case of *People* v. *Travers,* 73 Cal. 580, 15 Pac. 293. With the conclusion stated therein I agree.

Rehearing denied December 11, 1907.