STATE, RESPONDENT, *v.* WILEY, APPELLANT.

(No. 3,822.)

(Submitted March 15, 1917. Decided March 23, 1917.)

[164 Pac. 84.]

*Criminal Law — Grand Larceny — Information—"Recent Possession" of Stolen Property—Instructions.*

Criminal Law—Refusal of Correct Instruction—When not Error.
1. Refusal of a correct instruction on the subject of felonious intent in a prosecution for larceny was not error, where the court had fully covered the matter by appropriate instructions given.

Same—Information—Degrees of Crime.

2. Where a specific crime is divided into degrees, it is, generally speaking, sufficient to charge the commission of the substantive offense, leaving it to the jury to determine from the evidence the particular degree of which the accused is guilty.

Same—Larceny and Grand Larceny—Instructions.

3. The substantive crime alleged in an information charging the theft of a horse—under section 9324, Revised Codes, made grand larceny without reference to value—being larceny, instructions defining larceny as well as grand larceny were not open to the objection that different definitions of the same offense—some of which inapplicable to the facts of the case—were thus submitted.

[As to what constitutes larceny, see notes in 57 **Am. Dec.** 271; 88 **Am. St. Rep.** 559.]

Same—"Recent Possession" of Stolen Property.

4. The words "recent possession," used in an instruction advising the jury relative to the probative value of recent possession of stolen property, *held* to refer to possession in defendant soon after commission of the larceny, and not to possession immediately before the information is filed or a trial had.

Same—Instructions.

5. Instructions substantially in the words of sections 8119 and 9167, Revised Codes, defining a principal and telling the jury that the distinction between a principal and an accessory had been abrogated by statute, were not improper as implying that a felony had been committed.

*Appeal from District Court, Ravalli County; R. Lee McCulloch, Judge.*

B. S'. WILEY was convicted of grand larceny, and appeals from the judgment and an order denying him new trial. Affirmed.

Cause submitted on briefs of counsel.

*Mr. J. D. Taylor,* for Appellant.

*Mr. J. B. Poindexter,* Attorney General, and *Mr. J. H. Alvord,* Assistant Attorney General, for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

B. S. Wiley was convicted of grand larceny, and appealed from the judgment and from an order denying him a new trial.

The evidence offered by the state discloses that in the spring of 1914 John S. Treece, the owner of a small black gelding

branded combination J. T. inverted, turned the animal out on the range in Ravalli county; that in July following, the same animal was seen in the defendant's possession; that the defendant again turned the animal out on the range; that in October the animal was in defendant's possession, and continued in his possession until about the end of November; that during this period defendant attempted to trade it to Claude Chaffin; that about the last of November he traded it to Tom Randolph, who kept it throughout the winter and branded it in the spring of 1915; that soon thereafter the owner discovered the animal in Randolph's possession and laid claim to it; that Treece, Randolph and defendant met in Hamilton within a few days, and defendant then stated to Treece that he had secured the animal in good faith from one Jensen from the Big Hole country, and had in turn traded it to Randolph; that later defendant told Treece that his first story was false, and that it was invented at the suggestion of Randolph to clear him from any appearance of wrongdoing; that in fact the animal was gathered in defendant's pasture with animals belonging to defendant; that Randolph, seeing the animal and being informed by defendant that it was apparently an unbranded estray, took it from defendant's possession, and later placed his own brand upon it. Upon the trial the court gave certain instructions which were excepted to by the defendant, and refused two instructions tendered by the defendant.

1. In each of the two offered instructions the defendant sought [1] to have impressed upon the jury the idea that the felonious intent to steal must have accompanied the original taking, and that if it did not, larceny was not committed even though it might appear that defendant afterward converted the animal to his own use with intent to deprive the true owner of his property. Conceding, for the sake of argument, that each of these tendered instructions is correct, it does not follow that the court erred in refusing them. In Instruction 3, given, the court charged that "a felonious intent must have accompanied" the taking in order to constitute larceny, and in Instruction 5 the

jury was informed that in order to find the defendant guilty, it was necessary to find that the defendant took the animal into his possession, that he knew at the time that it was not his property, "and that he intended *then* to steal and convert it to his own use," *etc.* We think the jury could not have misunderstood the meaning which the court intended to convey by these expressions. It is not error to refuse a correct instruction when the court has fully covered the subject by appropriate instructions given. (*State* v. *Martin,* 29 Mont. 273, 74 Pac. 725.)

2. The court defined larceny in the language of section 8642, [2, 3] Revised Codes, and grand larceny in the language of subdivision 4, section 8645, Revised Codes. Counsel for appellant apparently assumes that the court gave different definitions of the same offense, some of which were not applicable to the facts of this case; but attention is directed to the fact that the substantive crime defined in Chapter V, Title XIII, Part I, of the Penal Code, is larceny, and that grand larceny and petit larceny are but the two separate degrees of that crime. Section 8642 defines larceny, and section 8644 provides: "Larceny is divided into two degrees, the first of which is termed grand larceny, the second petit larceny." There is no punishment prescribed for larceny as such, but the degree of punishment is made to depend upon the degree of the crime. (Secs. 8647, 8648, Rev. Codes.) Speaking generally, where a specific crime is divided into degrees, it is sufficient to charge the commission of the substantive offense (*State* v. *Copenhaver,* 35 Mont. 342, 89 Pac. 61; *State* v. *Mish,* 36 Mont. 168, 122 Am. St. Rep. 343, 92 Pac. 459), and it is then made the duty of the jury to determine from the evidence the particular degree of the crime of which the accused is guilty, if guilt be shown. (Rev. Codes, sec. 9324.) It is true that the information charges the theft of an animal the stealing of which is grand larceny without reference to its value; but, even so, the substantive crime is larceny, and no fault can be found with the court for defining that offense as

well as the particular degree of it, of which the defendant was guilty, if guilty at all. There is not anything said in *State* v. *Dickinson,* 21 Mont. 595, 55 Pac. 539, in conflict with these views. In this instance the court repeatedly impressed upon the jurors the fact that they must find the allegations of the information to be true in order to return a verdict of guilty.

3. By Instruction 11 the court advised the jury of the [4] probative value of evidence of recent possession of stolen property. The objection urged upon us is that there is not any evidence that the defendant was in possession of the animal in question, recently, that is, immediately before the information was filed in June, 1915. Appellant misconceives the meaning of the term "recently," as applied in this connection in the law of larceny. "Recently" or "recent possession" refers to possession in the defendant soon after the commission of the larceny, and not to possession immediately before the information is filed or a trial had. (4 Words and Phrases, 2d Series, 206; *State* v. *Willette,* 46 Mont. 326, 127 Pac. 1013.)

4. The court gave, in substance, sections 8119 and 9167, Revised Codes, defining a principal and advising the jury that the [5] distinction between accessory before the fact and a principal in a felony case has been abrogated by statute, and that all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense or aid and abet in its commission, are to be prosecuted as principals. The objection urged to these instructions is that there is not any evidence which warrants their submission, but with this we do not agree. Taking the evidence as a whole, we think the jury might, with propriety, have drawn the inference that Randolph was the titular principal, and that this defendant aided and abetted him in the commission of the offense. Neither of these instructions is open to the charge that it implies that a felony had been committed. They might have been amplified somewhat to make a concrete application, but defendant did not ask that any such application be made.

There is not any merit in the contentions made in behalf of appellant, and the judgment and order are accordingly affirmed.

*Affirmed.*

MR. JUSTICE SANNER concurs.

MR. CHIEF JUSTICE BRANTLY, being absent, takes no part in the foregoing decision.