STATE, RESPONDENT, *v.* SUMMERS, APPELLANT.

(No. 7,790.)

(Submitted May 16, 1938. Decided May 26, 1938.)

[79 Pac. (2d) 560.]

*Mr. Frank E. Blair,* for Appellant, submitted a brief, and argued the cause orally.

*Mr. Harrison J. Freebourn,* Attorney General, and *Mr. Carl N. Thompson,* Assistant Attorney General, submitted a brief; *Mr. Thompson* argued the cause orally.

MR. JUSTICE STEWART delivered the opinion of the court.

Ralph Summers was convicted of burglary in the first degree in the district court of Madison county. He has appealed to this court from the judgment and an order denying him a new trial on several grounds. His counsel filed an elaborate brief in his behalf, and the Attorney General filed a brief on behalf of the state. The Attorney General's brief is in effect a confession of error on several grounds. We agree with him that the judgment should be reversed and a new trial granted on one of the grounds, as we shall hereafter point out.

The conviction was obtained on circumstantial evidence. While the evidence was not overwhelming, nevertheless we feel justified in holding that it was sufficient to go to the jury.

Some question was raised as to the sufficiency of the information. The information was in the usual form. Objection was made that it did not state the time when the burglary was alleged to have been committed, i. e., day or night. We think the information was sufficient under the authority of *State* v. *Mish,* 36 Mont. 168, 92 Pac. 459, 122 Am. St. Rep. 343. (See, also, *People* v. *Jefferson,* 52 Cal. 452; *People* v. *Barnhart,* 59 Cal. 381.) This court has several times called attention to the fact that the modern tendency of criminal procedure has been distinctly toward simplification. The defendant was entitled to a bill of particulars if he deemed the information not sufficiently definite. (See *State* v. *Stevens,* 104 Mont. 189, 65 Pac. (2d) 612, and cases therein cited.)

Motion for new trial was made and overruled. The motion was largely based upon the proposition that one of the jurors was biased and prejudiced. The Attorney General confessed error in this respect. We have examined the record and are convinced that his confession of error is justified.

The judgment and order are reversed and the cause is remanded for a new trial.

ASSOCIATE JUSTICES ANDERSON and MORRIS concur.

MR. CHIEF JUSTICE SANDS, absent on account of illness, takes no part in the above decision.

MR. JUSTICE ANGSTMAN did not hear the argument because of absence, and takes no part in the above decision.