STATE ex rel. WILLIAMS, Relator, v. HENRY, Respondent.

No. 8706

Submitted October 22, 1946. Decided November 14, 1946.

174 Pac. (2d) 220

Mr. S. P. Wilson, of Deer Lodge, for relator.

Mr. R. V. Bottomly, Atty. Gen., and Mr. Fred Lay, First Asst. Atty. Gen., for respondent.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

By habeas corpus proceedings relator seeks an adjudication that he is being illegally confined in the state prison.

The circumstances of his confinement are that on February 11, 1931, the district court of Beaverhead county sentenced him to imprisonment in the state prison for a term of 20 years for the crime of burglary committed on January 1, 1931. He contends that the court had no jurisdiction to impose a sentence of 20 years because the conviction must be held to be for burglary in the second degree and that under the law the maximum sentence for burglary in the second degree is five years (sec. 11348, Rev. Codes 1935) and, if there be a prior conviction, the maximum would be ten years under subdivision 2 of section 11593.

The attorney general in behalf of respondent herein asserts that the sentence was proper because the judgment was for first degree burglary which carries a punishment of 15 years and embraced a prior conviction, which under paragraph 1 of section 11593 carries a sentence of *not less than ten years* with no maximum, and hence that 20 years was proper. The record discloses that the information charged relator with the crime of burglary committed at Dillon, Beaverhead county, on or about January 1, 1931. It did not allege whether the entry was by day or by night. It did allege that a prior conviction was had,

in the following language: "On the 11th day of October, A. D. 1927, the said defendant, George Williams, was by a judgment duly given, made and entered by the district Court of the Fifth Judicial District of the State of Montana, in and for the County of Beaverhead convicted of the crime of burglary." The judgment recited that, "The defendant was duly informed by the Court of the nature of the information filed against him for the crime of burglary, a felony, committed on the 1st day of January, A. D. 1931, and of being heretofore convicted of a felony, and of his arraignment and plea, on the 10th day of February, A. D. 1931 'Guilty of the crime of Burglary as charged in the information and of his answer that the charge of prior conviction of a felony is true.' The defendant was then asked if he had any legal cause to show why judgment should not be pronounced against him to which he replied that he had none.

"And no sufficient cause being shown or appearing to the Court, thereupon the Court rendered its judgment: That whereas the said George Williams having been duly convicted in this Court of the crime of burglary, a felony, committed in the County of Beaverhead, State of Montana, on or about the 1st day of January A. D. 1931, and of being heretofore convicted of a felony.

"Now, therefore, it is ordered, adjudged and decreed, and this does order, adjudge and decree, that the said defendant is guilty of the offense charged in the information herein; that is of the crime of burglary, a felony, which was committed in the County of Beaverhead, State of Montana on or about the 1st day of January, A. D. 1931, and of being heretofore convicted of a felony and that he be punished by confinement in the State Prison in Powell County, State of Montana, at hard labor, for the term of twenty (20) years."

The previous conviction was shown to have been for burglary committed on September 29, 1927, without specifying the degree thereof and the sentence imposed was *"not less than four (4) years, nor more than eight (8) years."* That judgment was

based upon section 12075, Revised Codes 1921, which was repealed in 1929.

The first question presented is whether the information charging the burglary of January 1, 1931, was sufficient to warrant a conviction of burglary in the first degree.

Burglary committed in the nighttime is burglary in the first degree while burglary in the daytime is burglary in the second degree. Sec. 11347, Rev. Codes.

It is not necessary to allege in the information whether the entry was made in the daytime or in the nighttime. State v. Copenhaver, 35 Mont. 342, 89 Pac. 61. Conviction of first degree burglary is warranted under an information charging burglary without specifying the time when committed, i. e. in the daytime or·in the nighttime. State v. Summers, 107 Mont. 34, 79 Pac. (2d) 560.

We hold, therefore, that the information was sufficient to warrant conviction of burglary in the first degree.

The next question is, was there in fact a conviction of first degree burglary when the judgment itself is silent as to the degree?

Section 12056 provides: "Upon a plea of guilty of a crime distinguished or divided into degrees, the court must, before passing sentence, determine the degree."

The judgment of the court is silent as to the degree except as the degree may be inferred from the punishment imposed. A judgment is not invalid which fails to state the degree of the crime for which defendant was convicted. State v. Hill, 46 Mont. 24, 126 Pac. 41; People v. McNulty, 93 Cal. 427, 26 Pac. 597, 29 Pac. 61; Note in 14 A. L. R. 993.

In State v. Mish, 36 Mont. 168, 92 Pac. 459, 462, 122 Am. St. Rep. 343, this court said: "The court fixed the punishment, and is presumed to have properly done so. The evidence is not before us. For aught we know, there was no controversy at the trial as to the time of the alleged offense. The defendant may have admitted upon the witness stand that the acts committed by him, while not criminal, were, in fact, done between sunset

and sunrise. We presume that there was evidence at the trial that justified the court in finding that, if the defendant was guilty at all, he was guilty of an attempt to commit burglary in the nighttime. State v. Shepphard, 23 Mont. 323, 58 Pac. 868; State v. Gordon, 35 Mont. 458, 90 Pac. 173.'' To the same effect is Matter of J. B. Brown, 32 Cal. 48, 49.

Hence where, as here, the judgment is silent as to the degree ▆ of the crime for which defendant was convicted on a plea of guilty and the sentence imposed is such as might be imposed for first degree only, we will presume, since no appeal was taken from the judgment and the record of what took place at the time of the arraignment and plea of guilty not being before us, that the court ascertained that the defendant was guilty of the crime charged in the first degree. This because of the presumption that official duty has been regularly performed and that the law has been obeyed. Subdivisions 15 and 33, sec. 10606, Rev. Codes.

The next question raised by relator is that it was improper ▆ to consider the prior conviction as justification for increasing the sentence because section 11593 authorizes the court to increase the sentence when there is a conviction of a prior offense ''punishable by imprisonment in the state prison'' whereas the court in its judgment recited that defendant, relator here, answered that the charge of prior conviction ''of a felony is true'' and that under section 10723 a felony is punishable either by death or imprisonment in the State prison. Relator's contention in this respect is without merit. The information in this case charged that the former conviction was for ''burglary.'' This, under the law, is punishable by imprisonment in the State prison and the court's finding that defendant's ''answer that the charge of prior conviction of a felony is true'' relates to the felony charged in the information to have been committed on October 11, 1927, and does not relate to a felony punishable by death.

The only other point raised by relator is that the court had ▆ no right to consider the question of a prior conviction

because, he argues, the jury alone is authorized to make such a finding. Section 12023 provides: ''Whenever the fact of a previous conviction of another offense is charged in an indictment or information, the jury, if they find a verdict of guilty of the offense with which he is charged, must also, unless the answer of the defendant admits the charge, find whether or not he has suffered such previous conviction. The verdict of the jury upon a charge of previous conviction may be: 'We find the charge of previous conviction true,' or, 'We find the charge of previous conviction not true,' as they find that the defendant has or has not suffered such conviction.''

When the answer of defendant admits the charge of a previous conviction, then there is no occasion for either the jury or the judge to make any finding of previous conviction.

We hold that when the answer of the accused admits the previous conviction, as here, the court on the plea of guilty of the offense charged may consider the previous conviction in imposing sentence and that the sentence here involved was warranted under subdivision 1 of section 11593.

The relief sought by relator is accordingly denied.

Mr. Chief Justice Lindquist and Associate Justices Adair, Morris and Cheadle concur.