No. 12448

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

STATE OF MONTANA,

                    Plaintiff and Respondent,

    -vs-

GEORGE SOLIS,

                    Defendant and Appellant.

---

Appeal from:  District Court of the Sixteenth Judicial District,
            Hon. A. B. Martin, Judge presiding.

Counsel of Record:

    For Appellant:

        Reno and Dolve, Billings, Montana
        James A. Reno argued, Billings, Montana

    For Respondent:

        Hon. Robert L. Woodahl, Attorney General, Helena,
        Montana
        J. C. Weingartner, Assistant Attorney General, argued,
        Helena, Montana
        William J. Krutzfeldt, County Attorney, appeared, Miles
        City, Montana
        Keith Haker argued, Miles City, Montana

---

                              Submitted:  September 26, 1973

                              Decided: DEC 12 1973

Filed:  DEC 12 1973

_Thomas J. Kearney_
                              Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Defendant George Solis appeals from his conviction of first degree burglary entered in the district court of Custer County.

On September 22, 1972, two young women came to the home of Frank Morrelle in Miles City, Montana, to inquire about an apartment he had offered for rent. One of the women, Irma Jean Hoops, was later identified as the girl friend of defendant Solis. Morrelle loaned the women some money for food which he obtained from his basement safe in their presence. Some keys and a ring belonging to Morrelle disappeared about the time of the girls' visit. He reported the missing items to the police and changed the door locks corresponding to the missing keys. The missing ring was found in defendant's possession when he was apprehended in connection with the burglary.

On September 24, 1972, Frank Morrelle, returning to his home at about 9:20 p.m., noticed a light in his basement. Morrelle became suspicious, went to the home of David Whitney, his next door neighbor, and asked Whitney to phone the police. After doing so, Whitney went outside and observed defendant on foot leaving Morrelle's property. Whitney first called to defendant, then pursued him. Whitney testified that defendant stopped and "pulled a pistol or something out of his pocket and pointed it towards me." Defendant was arrested about an hour later by the Custer County deputy sheriff at the Flaming Arrow Motel in Miles City. The deputy sheriff and other law enforcement officers present testified that when arrested defendant appeared sweat-soaked and exhausted as though he had been running.

David Whitney postively identified defendant as the man he had pursued from the Morrelle residence earlier in the evening. Witnesses testified Morrelle's safe had been overturned and tampered with but the burglar had failed to open the safe when he left the scene, leaving his tools behind.

On appeal defendant presents two issues for review:

(1) Did the evidence support the jury verdict of first degree burglary, specifically with regard to the "nighttime requirement"?

(2) Did the trial court err in refusing to give defendant's offered instructions numbered 1, 4, 6 and 7?

Issue (1). Section 94-901, R.C.M. 1947, provides:

"Every person who enters any house * * *
with intent to commit grand or petite larceny
or any felony, is guilty of burglary."

The fact that the safe opening had not been completed and nothing had been taken from the Morrelle home does not preclude conviction of burglary. Morigeau v. State, 149 Mont. 85, 423 P.2d 60.

Section 94-902, R.C.M. 1947, provides:

"Every burglary committed in the nighttime is
burglary in the first degree and every burglary
committed in the daytime is burglary in the
second degree."

This Court in State v. Copenhaver, 35 Mont. 342, 89 P. 61, and in State v. Fitzpatrick, 125 Mont. 448, 239 P.2d 529, established that first and second degree burglary are separate offenses differentiated by the nighttime requirement which exists as an essential element of first degree burglary only.

Commission of a burglary is predicated upon the "entry" with the requisite felonious intent. Hence, the burglary occurs at the time of the entry upon the premises. State v. Harris, _____ Mont._____, 498 P.2d 1222, 29 St.Rep. 498; State v. Board, 135 Mont. 139, 337 P.2d 924; State v. Moran, 142 Mont. 423, 384 P.2d 777.

The "nighttime entry" issue in the instant case is analogous to State v. Board, supra. In Board, the defendant was discovered pilfering a motel room at about 4:00 a.m. No direct evidence was ever introduced to establish the time of entry.

In the cases cited, the rule in Fitzpatrick is followed. In Fitzpatrick, there was no evidence of the commission of the burglary in the nighttime, much less the entry. In the cases which followed Fitzpatrick, and in particular Board, the burglary was

established as occurring during the nighttime and entry was of necessity submitted to the jury on circumstantial evidence.

In the instant case, defendant was flushed in the nighttime at about 9:20 p.m., September 24, some hours after darkness at that time of year. Only preliminary work toward opening the safe had been completed and among the tools left behind was a flashlight. It seems reasonable the jury could conclude that a burglar would proceed with diligence to the task at hand and would not require a flashlight in the daylight hours.

Examination of the trial record discloses the jury was instructed in court's instructions number 2 and 8 that commission in the nighttime is an element of first degree burglary. Instruction number 2 stated the requirement that every fact or element necessary to constitute the crime charged must be proved beyond a reasonable doubt. Court's instruction number 11 stated the defendant could not be convicted on conjecture, suspicion or probability, but only upon proof such as to logically compel the conviction that the charge was true. Instruction number 12 defined circumstantial evidence as evidence which proves a fact from which the inference of another fact may be drawn.

The jury was properly instructed as to all the elements of the crime charged and as to the burden of proof. There was, considering all of the facts and circumstances, sufficient direct and circumstantial evidence to support the jury's verdict.

Issue (2). Did the trial court err in refusing defendant's offered instructions numbered 1, 4, 6 and 7? Proposed instruction 1 was a directed verdict instruction. This instruction was properly refused, as was defendant's motion for dismissal. Under Montana law in a criminal case, a directed verdict is given only where the state fails to prove its case and there is no evidence upon which a jury could base a verdict of guilty. State v. Metcalf, 153 Mont. 369, 457 P.2d 453; State v. Yoss, 146 Mont. 508, 409 P.2d 452.

Defendant's proposed instructions numbered 4, 6 and 7 were repetitive of other instructions given by the trial court relating to the elements of first degree burglary and were properly refused. The judgment of the district court is affirmed.

```
-----------------------------------------
                 Justice
```

We Concur:

```
-----------------------------------------
Chief Justice
```

```
-----------------------------------------
```

```
-----------------------------------------
Justices
```

```
-----------------------------------------
```
Hon. LeRoy L. McKinnon, District
Judge, sitting for Justice John
Conway Harrison.