No. 12923

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

JERRY A. AMOR,

Defendant and Appellant.

---

Appeal from: District Court of the Eighth Judicial District,
Honorable Paul G. Hatfield, Judge presiding.

Counsel of Record:

For Appellant:

Morrison, Ettien and Barron, Havre, Montana
Robert D. Morrison argued, Havre, Montana

For Respondent:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
Jock O. Anderson, Assistant Attorney General, argued,
Helena, Montana
A. Evon Anderson, County Attorney, argued, Fort Benton,
Montana

---

Submitted: September 23, 1975

Decided: OCT 8 1975

Filed:

---

Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal from a jury verdict, entered in the district court, Chouteau County, finding defendant guilty of burglary in the first degree.

The defendant was charged with burglarizing a drug store in Big Sandy, Montana on October 12, 1973. Briefly, the facts leading up to defendant's arrest and conviction are as follows: At about 11:00 p.m. a Choteau County deputy sheriff noticed a black pickup parked beside the highway in Big Sandy. Approximately a half-hour later the deputy sheriff noticed the same black pickup a short distance up the road with defendant's green pickup parked next to the black pickup. The deputy sheriff saw defendant carry a box from his pickup and put it in the black pickup. The owner of the black pickup, Kronebusch, was observed placing a paper sack into defendant's pickup. The deputy sheriff investigated the reason for the pickups being at that location and noticed, by looking into them, two paper bags, a red box, and a syringe, all in Kronebusch's pickup. Defendant was allowed to go on his way and Kronebusch was detained for possible illegal possession of drugs. While the above transpired, the owner of the drug store discovered his store had been burglarized and certain items of merchandise removed. While at the police station, the drug store owner looked into Kronebusch's pickup and observed a clock radio which appeared to him to be one that he had on sale at the store. The deputy sheriff called the Havre police to arrest defendant and seize his boots, for comparison with boot prints found in the store. At the time of his arrest, no property stolen from the store was found in defendant's possession. Defendant was found guilty of burglary in the first degree and sentenced for a term of twelve years. From this verdict defendant appeals.

The issue presented to this Court is whether sufficient evidence was presented at trial to support a jury verdict of guilty of burglary in the first degree.

The pertinent portions of the Montana criminal statutes in effect at the time of the burglary are:

Section 94-901, R.C.M. 1947

"Burglary defined. Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse, or other building, tent, motor vehicle and aircraft, vessel, or railroad car, with intent to commit grand or petit larceny or any felony, is guilty of burglary."

Section 94-902, R.C.M. 1947

"Degrees of burglary. Every burglary committed in the nighttime is burglary in the first degree, and every burglary committed in the daytime is burglary in the second degree."

Section 94-905, R.C.M. 1947

"Nighttime defined. The phrase 'nighttime', as used in this chapter, means the period between sunset and sunrise."

Entry in the nighttime with felonious intent is an essential element of burglary in the first degree. State v. Copenhaver, 35 Mont. 342, 89 P. 61. This Court in State v. Solis, 163 Mont. 293, 295, 516 P.2d 1157, has recently stated:

"Commission of a burglary is predicated upon the 'entry' with the requisite felonious intent. Hence, the burglary occurs at the time of the entry upon the premises."

In order to establish entry in the nighttime, substantial evidence must be presented by the State establishing the time when such entry occurred. State v. Fitzpatrick, 125 Mont. 448, 239 P.2d 529.

The only witness presented by the State who might have testified as to the time of entry was the owner of the drug store. He testified that he had not been in his store the afternoon of the burglary, and was in fact in Havre that afternoon,

returning to Big Sandy around 11:00 p.m. that night.  There was no testimony presented as to what time the store closed on October 12, 1973, nor as to what time any employees locked up the store on that day, nor as to when the stolen merchandise was last seen in the store.  No witness for the State testified as to the time of sunset on October 12, 1973, so as to set a time after which the requisite nighttime entry might happen.

The State admits the evidence of nighttime entry introduced at trial was circumstantial and required the jury to infer that the requisite nighttime entry had occurred.  The jury was left to rely on those facts which exist in the minds of all jurors by virtue of their common knowledge and experience to infer the time of entry.  All without the introduction of substantial evidence as to time of entry.

As this Court said in Fitzpatrick, at page 452:

> "Not only was there no substantial evidence to prove when the burglary occurred, but there was a total failure on the part of the state to prove such burglary was committed in the nighttime.  This being so, the state failed to prove one of the essential elements of the crime, as charged in the information, and the judgment of conviction cannot stand."

The judgment is reversed and the cause is remanded to the district court with directions to dismiss the information.

_____
Chief Justice

We concur:

_Wesley Castles_____

_Frank I. Haswell_____

_John Conway Harrison_____

_____
Justices

- 4 -